UNITED STATES of America, Plaintiff–Appellee,

v.

Edward KINCAID, Defendant–Appellant.

No. 89–30109.

United States Court of Appeals, Ninth Circuit.

Argued Dec. 7, 1989.

Submission Deferred Dec. 14, 1989.

Resubmitted Feb. 26, 1990.

Decided March 16, 1990.

Lynn Lincoln Sarko, Keller Rohrback, Seattle, Wash., for defendant-appellant.

Ronald J. Friedman, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before WALLACE and NELSON, Circuit Judges, and WILSON,* District Judge.

WALLACE, Circuit Judge:

Kincaid appeals his sentence following a guilty plea. He argues that the district court erred in applying the Sentencing Guidelines to determine the appropriate sentence. The district court had jurisdiction pursuant to 28 U.S.C. § 1330 and we have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm in part and vacate and remand in part.

I

Kincaid was charged with 14 counts relating to participation in a cocaine distribution conspiracy. On January 6, 1989, Kincaid pled guilty to two counts: distribution of more than 500 grams of cocaine on July 27, 1988, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B) (Count 2); and money laundering on or about September 16, 1987, in violation of 18 U.S.C. § 1956(a)(1)(A) (Count 3). On March 17, 1989, the district judge sentenced Kincaid to 78 months in prison and a $15,000 fine for Count 2, and imposed an identical concurrent prison term for Count 3. In determining the sentences, the district judge acted pursuant to the Sentencing Guidelines of the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551–3625, 3673, 3742; 28 U.S.C. §§ 991–998.

II

The offense charged in Count 2 occurred on July 27, 1988. The Sentencing Guidelines took effect on November 11, 1987. However, Kincaid argues that the Guidelines should not be applied because this circuit declared them unconstitutional prior to his plea.

On August 23, 1988, we held the Guidelines unconstitutional. *Gubiensio-Ortiz v. Kanahele*, 857 F.2d 1245 (9th Cir. 1988). On January 19, 1989, after Kincaid's plea but before his sentencing, the Supreme Court decided *Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). The Court held in *Mistretta* that the Guidelines were constitutional, implicitly overruling *Gubiensio-Ortiz*. On the basis of *Mistretta*, the district court applied the Sentencing Guidelines to Kincaid.

Kincaid argues that the district court erroneously applied *Mistretta* retroactively, because, although the Guidelines were in effect when he committed the crime and when he was sentenced, they were not in effect in this circuit when he pled guilty.

We have recently upheld the retroactive application of *Mistretta* to crimes committed after our decision in *Gubiensio-Ortiz* but before the Supreme Court's decision in *Mistretta*. *United States v. Gonzalez-Sandoval*, 894 F.2d 1043, 1052–1053 (9th Cir.1990). *Gonzalez-Sandoval's* argument was that *Mistretta* should not be applied retroactively to crimes committed while *Gubiensio-Ortiz* was the law of the circuit, while Kincaid argues that *Mistretta* should not apply to pleas entered during that period. We see no valid reason to treat the two situations differently. In neither case did the defendant's reliance upon *Gubiensio-Ortiz* constitute a "substantially inequitable result" which would preclude retroactive application. *Id.* at 1053. We conclude that *Gonzalez-Sandoval's* reasoning applies with equal force to a plea entered after our decision in *Gubiensio-Ortiz* and before the Supreme Court's decision in *Mistretta*.

III

Kincaid committed the offense charged in Count 3 prior to the effective date of the Sentencing Guidelines. He ar-

---

* Honorable Stephen V. Wilson, United States District Judge, Central District of California, sitting by designation.

gues, and the government concedes, that using the Sentencing Guidelines to determine the sentence for this count was error. The government argues that remand is unnecessary, however, because Kincaid will suffer no prejudice. The sentence for Count 3 is identical to and runs concurrently with the custody sentence imposed for Count 2. Kincaid concedes that he can identify no specific prejudice stemming from the sentencing error.

At one time, the government's argument would have persuaded us. But this issue was carefully considered by us en banc in the context of a challenge to a conviction underlying a concurrent sentence. In *United States v. De Bright*, 730 F.2d 1255 (9th Cir.1984), De Bright was sentenced to identical concurrent sentences for two separate convictions. De Bright did not challenge one of the convictions. The government argued that we need not review the validity of the second conviction: even if it was erroneous, De Bright would not be prejudiced since reversal would not shorten her prospective jail time.

Overruling prior panel decisions, we rejected this argument. We stated that:

[a]pplication of the concurrent sentence doctrine inherently requires the assessment of all adverse collateral legal consequences of unreviewed convictions at the time the conviction is appealed. As a practical matter, it may be impossible at that time to foretell all future adverse collateral legal consequences for the appellant. Thus, our application of the concurrent sentence doctrine has been based on a determination that no collateral consequences were apparent. This approach, unfortunately, placed the risk of our lack of omniscience on the party who will, without present or future review, suffer from the mistake.

*Id.* at 1258. We conclude that this reasoning applies equally to a challenge to the concurrent sentence itself. Although neither we nor Kincaid can identify a specific prejudice which may stem from his erroneous sentence, we are unwilling to place upon Kincaid the risk that such a prejudice will manifest itself in the future. Therefore, we vacate Kincaid's sentence as to Count 3, and remand to the district court

for sentencing pursuant to the law extant prior to the Sentencing Guidelines.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.