**Fabian MAYA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. SA CV 89–758 AHS.**

United States District Court, C.D. California.

Oct. 17, 1990.

Peter M. Horstman, Federal Public Defender, H. Dean Steward, Deputy Federal Public Defender, U.S. District Court, Santa Ana, Cal., for petitioner.

Robert L. Brosio, U.S. Atty., Paul L. Seave, Asst. U.S. Atty., Edward R. McGah, Jr., Asst. U.S. Atty., U.S. District Court, Santa Ana, Cal., for respondent.

### ORDER DENYING PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255

STOTLER, District Judge.

### I.

### BACKGROUND

On November 4, 1988, defendant Fabian Maya entered guilty pleas to conspiring to distribute cocaine in violation of 21 U.S.C. § 846 (Count One), and to the distribution of 1007.1 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Two). In Count I, defendant was accused of conspiring "on a date unknown to the Grand Jury and continuing to on or about May 17, 1988." In Count II, the Indictment charged commission of the offense "on or about May 10, 1988."

On January 9, 1989, Maya was sentenced to a term of imprisonment of nine years and a term of supervised release of four years on Count Two. Maya was placed on four years probation on Count One, terms and conditions of which were to govern and be the same as terms and conditions of defendant's supervised release. Each count also required payment of a $10,000 fine.

On November 2, 1989, Fabian Maya filed a motion to vacate his sentence under 28 U.S.C. § 2255. On November 30, 1989, the Government filed a Response to Maya's motion. In response to Maya's request, the Court appointed the Federal Public Defender on May 9, 1990, to represent Maya. On June 8, 1990, Maya's appointed counsel filed a Supplemental Memorandum of Law. The Government filed its Response to the Supplemental Memorandum of Law on June 14, 1990.

### II.

### DISCUSSION

The chronology of petitioner's case bears recitation.

11–01–87  Sentencing Guidelines became effective

03–05–88  *Lopez* decided: *United States v. Ortega Lopez*, 684 F.Supp. 1506 (C.D.Cal.1988): Central District judges sitting *en banc* held Guidelines unconstitutional

5–10–88  Maya distributed approximately one kilogram of cocaine (Count Two) to agent

5–17–88  Beginning on unknown date and continuing until this date Maya conspired to distribute cocaine (Count One)

06–13–88  Supreme Court granted *certiorari* on *Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989)

08–23–88  *Gubiensio–Ortiz* decided: *Gubiensio–Ortiz v. Kanahele,* 857 F.2d 1245 (9th Cir.1988): Ninth Circuit held Guidelines unconstitutional

11–04–88  Maya pleads guilty to Count One and Two

01–09–89  Maya is sentenced under "old law," not Guidelines

01–18–89  *Mistretta* decided: Guidelines constitutional

11–02–89  Maya files instant motion under 28 U.S.C. Sec. 2255.

Petitioner's motion, filed "in pro per," began with the proposition that "Inasmuch

as the offense took place after November 1, 1987, the Sentencing Reform Act of 1984 is applicable." However, it concluded with an equivocal reference to sentencing him under "old law if the investigation actually did begin in 1987." As originally drafted, the motion contained five grounds for relief: (1) the imposition of a probationary sentence on Count One was illegal; (2) the Court relied on the wrong amount of cocaine in imposing the sentence; (3) the conspiracy conviction is invalid; (4) Maya received a more severe sentence than his co-defendant; and (5) the imposition of a term of supervised release was illegal. The Government's first response termed each of his arguments frivolous and urged the court to conclude that none justified an evidentiary hearing and that the motion should be denied.

In his supplemental memorandum, Maya, through counsel, concedes that all grounds but the first are without merit. The only issue that Maya leaves before the Court is whether the imposition of a probationary sentence on Count One was illegal. The Government has addressed only that issue in its response to Maya's supplemental memo of law filed by appointed counsel.

The version of § 846 in effect at the time of the commission of the offense provided:

> Any person who ... conspires to commit any offense defined in this subchapter is punishable by *imprisonment or fine* or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the ... conspiracy. (Emphasis added.)

Section 841(b)(1)(A), the applicable penalty section for the "object crime" under Count One, provided:

> Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph.

In addition to the foregoing, that subsection set a minimum and maximum term of imprisonment, a maximum fine, and a minimum term of supervised release. How-

ever, Section 846 carried no prohibition on grants of probation. As the Government points out, the lack of a mandatory minimum term of imprisonment and the availability of a probationary sentence were advantages of a conspiracy conviction under Section 846 before the amendment to it which took effect on November 18, 1988.[1]

Both parties rely on *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), in support of their respective positions. In *Bifulco*, the Supreme Court held that § 846 did not authorize imposition of a special parole term even though that sanction was included within the penalty provision of the target offense. *Id.*, 447 U.S. at 400, 100 S.Ct. at 2258. Because the special parole term could be imposed in addition to, and not in lieu of, any sentence of imprisonment, the special parole provisions of § 841 might lead to more than the "maximum punishment prescribed for the offense." Section 846 only incorporated the "imprisonment or fine" part of § 841. Applying the rule of lenity, the Court concluded that the drafters of § 846 intended to incorporate from § 841 only those provisions relating to "imprisonment or fine." *Id.* at 400, 100 S.Ct. at 2259.

Although the *Bifulco* decision is not controlling on the issue here, the Supreme Court's interpretation of what § 846 did incorporate from § 841 points the way. Just as § 846 does not incorporate the special parole provisions of § 841 because it does not bear on the "imprisonment or fine" specification of § 846, the provisions of § 841 relating to probation should likewise not be found to be incorporated. The failure of the drafters of § 846 to include references to the availability of either special parole or probation lends substance to the Government's position that § 841's limitations not relating to imprisonment or fines are simply inapplicable to § 846.

Application of the rule of lenity, described in *Bifulco* as applicable not only to interpretations of the substantive ambit of

---

1. Section 846 has read since: Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the

same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

criminal prohibitions, but also to the penalties they impose (*Id.* at 387, 100 S.Ct. at 2252) would require the same result. To incorporate § 841's restriction on probation would necessarily result in terms of imprisonment for violations of § 846, instead of the lesser sentence of probation. Therefore, § 846 should be read to allow imposition of a probationary sentence.

Defendant's counsel infers that the probation office recognized that probation was not an available alternative, since the letter-recommendation to the Court dated December 19, 1988, recommended supervised release only and that as to Count 2 only. The recommendation actually offered, as a non-guideline alternative, a concurrent term of ten (10) years on *each* count, and a fine of $25,000 on each count for a total fine of $50,000, both payable within one year of judgment date. Nowhere in its discussion of "Sentencing Options" does the pre-sentence report suggest that probation is prohibited.

### III.

### THE WISDOM OF DEFENSE COUNSEL

Defendant, through counsel, determined that his complaint about the amount of cocaine used as the basis of his sentence had best be left dormant. Accordingly, the defender acquiesces in the government's position, i.e., that the offenses involved approximately nine (9) kilograms of cocaine. This calculated out to a Guideline range of imprisonment of *121 months to 151 months* (10.08 years to 12.58 years).

Moving to vacate sentences imposed under "old law," where the Government took no protective appeal (as indeed it did in many post-*Gubiensio–Ortiz* sentences, but not this one) which cases would otherwise have been Guidelines-sentenced cases, must be regarded as risky business. It can be anticipated that the Government may find such a case suitable to agreeing that the "old law" sentence should be vacated so that the Court can impose the Guidelines sentence. This case, for example, would appear to be one which would have found Mr. Maya facing a more severe sentence if the Court were to have applied a Guidelines sentence.

The time warp of *Gubiensio–Ortiz–Mistretta* has made for interesting law in this Circuit. No defendant has exactly matched Mr. Maya's timing. In *United States v. Gonzalez–Sandoval,* 894 F.2d 1043 (9th Cir.1990), the defendant was said to be on notice that the Supreme Court might vacate *Gubiensio–Ortiz* because his crime was committed post-*Gubiensio–Ortiz.* In *United States v. Kincaid,* 898 F.2d 110, 111 (9th Cir.1990), the Guidelines were in effect at commission of the offense, but unconstitutional at the time he entered his guilty plea. His alleged detrimental reliance on the *Gubiensio–Ortiz* decision of unconstitutionality did not constitute a "substantially inequitable result" which would preclude retroactivity.

Mr. Maya presents a defendant who committed crimes post-*Lopez* (the District's decision) but pre-*Gubiensio–Ortiz,* entered his guilty pleas post-*Gubiensio–Ortiz,* and was sentenced just nine (9) days before the Supreme Court filed *Mistretta.* A recent twist on *Kincaid, supra,* was applied by the defendant in *United States v. Boise,* 916 F.2d 497 (9th Cir.1990), filed as amended September 27, 1990. He contended that he relied on the invalidity of the Guidelines in going to trial and making strategic decisions; hence, it was unfair to apply the Guidelines to his sentence, coming as it did after *Mistretta.* In none of these cases, including *Boise,* has the Court of Appeals found it improper to apply the Guidelines to the defendant's sentence. It is an open question how Mr. Maya would fare here if his sentences were vacated.

But he has been saved by his counsel—and perhaps the beneficence of the Government. In what promised to be the most interesting Section 2255 motion yet brought concerning the Guidelines hiatus, the parties have deftly avoided the issue. While the single issue left, too, is an issue of novel interpretation, it was rather secondary to what could have been. Thus, this Court has not had to decide the intriguing question of whether petitioner's sen-

tence could be enhanced by application of the Guidelines solely due to his asking the Court under Section 2255 to vacate his sentence on the ground that it was a sentence "not in accordance with law."

## IV.

## CONCLUSION

For the reasons set out under Discussion, above, the defendant's motion attacking the grant on probation on Count I is denied. Since defendant confesses lack of merit on the remaining contentions of the motion, the Court hereby denies petitioner's motion in its entirety.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on defendant at his place of incarceration, and on the Government.