993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Carlton RISHER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-55274.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 7, 1993.*
Decided May 7, 1993.
 
 1
 Before CANBY and NORRIS, Circuit Judges, and TANNER, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Risher appeals from the district court's denial of his § 2255 motion. He makes two claims: 1) his sentence violates the due process and the ex post facto clauses because he entered his plea at a time when the Guidelines were not in effect and was later sentenced as a career offender under the Guidelines, and 2) his sentence violates due process and Fed.R.Crim.P. 11(c) because the trial court failed to inform him when he pled guilty that he might be sentenced as a career offender under the Guidelines.[1] We reject these claims.
 
 
 4
 Criminal defendants who entered guilty pleas during the time the Guidelines were not in effect in this circuit have no due process right not to be sentenced under the Guidelines. U.S. v. Ramos, 923 F.2d 1346, 1358 (9th Cir.1991); U.S. v. Boise, 916 F.2d 497, 505 (9th Cir.1990), cert. denied, 111 S.Ct. 2057 (1991); U.S. v. Kincaid, 898 F.2d 110, 111 (9th Cir.1990).[2] Because Risher's challenge to his sentencing under the Guidelines fails, his claim that his sentencing as a career offender fails as well, for the career offender provisions are part of the Guidelines. His claim that the government violated its agreement not to seek enhancement also fails. Not only did the government not seek enhancement, it moved for a downward departure based on Risher's assistance to the government.
 
 
 5
 Nor does the district court's failure to inform Risher when he entered his plea that he might be sentenced as a career offender invalidate the sentence. A district court need not identify the precise Guideline range at the time the plea is entered, U.S. v. Selfa, 918 F.2d 749, 752 (9th Cir.1990). Moreover, a district court's failure to mention the Guidelines at all is harmless if the court identifies the statutory minimum and maximum. Ramos, 923 F.2d at 1357-1358. Because Risher does not allege that he was not informed of the statutory maximum and minimum, and because he knew when he pled guilty that he could receive a sentence as long as the one he received, his claim fails. Ramos, 923 F.2d at 1357-58.
 
 
 6
 Risher's due process and ex post facto claims are DENIED. The judgment of the district court denying his habeas petition is REVERSED and REMANDED in a published disposition filed simultaneously with this Memorandum disposition.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Jack E. Tanner, Senior District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We address Risher's ineffective assistance of counsel claim in a published opinion, filed simultaneously with this memorandum disposition
 
 
 [2]
 While Risher also alleges that his sentencing violates the ex post facto clause, the district court properly construed this claim as a due process one. U.S. v. Robinson, 958 F.2d 268, 271 (9th Cir.1992)