995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph Howard SLIKER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-16805.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 26, 1993.
 
 Before HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Howard Sliker appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence imposed following his guilty plea to manufacture of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Sliker contends that (1) he received ineffective assistance of counsel because his attorney failed to appear at his sentencing hearing, and (2) the resulting postponement of the hearing violated his plea agreement. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 Sliker contends that he was denied effective assistance of counsel because after his sentencing hearing was postponed, the Supreme Court upheld the constitutionality of the United States Sentencing Guidelines, and so he received a higher sentence than he would have received under pre-Guidelines law if the hearing had gone forward as scheduled. See Mistretta v. United States, 488 U.S. 361 (1989) (overruling Gubiensio-Ortiz v. Kanahele, 857 F.2d 1245 (9th Cir.1988)). This contention lacks merit.
 
 
 4
 To establish ineffective assistance of counsel, a defendant must establish that counsel's performance was deficient and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that an attorney's conduct "falls within the wide range of reasonable professional assistance." Id. at 689. To establish prejudice, the defendant must show that there is "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 5
 The district court found that counsel's failure to appear at the sentencing hearing did not amount to deficient performance because counsel arranged for another attorney to make a courtesy appearance to explain a recently discovered scheduling conflict and request a continuance. Sliker argues that at the time of the originally scheduled hearing, Mistretta already had been argued before the Supreme Court; therefore, counsel should have considered that any postponement might result in the application of the Sentencing Guidelines to Sliker.
 
 
 6
 Sliker received a 240-month sentence under the Guidelines. The district court later reduced the sentence to 120 months because of Sliker's cooperation with the government. The maximum sentence under pre-Guidelines law would have been ten years. The district court found that Sliker nonetheless failed to establish prejudice because codefendant Jason Allison also was granted a continuance, and it was the court's custom to sentence codefendants at a joint hearing. Sliker argues that these facts are not dispositive because competent counsel would have insisted on immediate sentencing. According to Sliker, if his attorney had argued that the pendency of Mistretta required immediate sentencing despite the continuance granted to Allison, there is a reasonable probability that the district court would have agreed.
 
 
 7
 Sliker's arguments lack merit because at the time of the originally scheduled sentencing hearing, the timing and holding of the Supreme Court's decision in Mistretta were unknown. Counsel's failure either to appear despite his scheduling conflict or to arrange for substitute counsel at sentencing because of the possible effect of Mistretta was not an error "so serious that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." See Strickland, 466 U.S. at 687. Accordingly, the district court did not err by denying Sliker's ineffective assistance claim.
 
 
 8
 Sliker contends that the continuance of his sentencing hearing violated an implied term of his plea agreement requiring timely sentencing pursuant to Fed.R.Crim.P. 32(a), and therefore he is entitled to resentencing under pre-Guidelines law. He contends that "he had a right under Rule 32 to be sentenced under the law in effect on the date scheduled for his sentencing. A later change in the law should not [a]ffect him if there was no necessary cause for delay in sentencing."
 
 
 9
 Mistretta applies retroactively to defendants who committed crimes during the window period after Gubiensio-Ortiz and before Mistretta. United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1052-53 (9th Cir.1990). Mistretta also applies retroactively to defendants who pleaded guilty during the window period. United States v. Kincaid, 898 F.2d 110, 111 (9th Cir.1990). Sliker argues that Kincaid is distinguishable because the defendant in Kincaid pleaded guilty only two weeks, rather than nine weeks, before Mistretta. See 898 F.2d at 111. Sliker argues that retroactive application of Mistretta was "substantially inequitable" because the postponement of his sentencing hearing violated Rule 32(a). See Gonzalez-Sandoval, 894 F.2d at 1053 (retroactive application not substantially inequitable because defendant was on notice that Supreme Court might vacate Gubiensio-Ortiz, and sentence under Guidelines was not much longer than pre-Guidelines sentence). This argument lacks merit.
 
 
 10
 Rule 32(a) provides that "[s]entence shall be imposed without unnecessary delay, but the court may, when there is a factor important to the sentencing determination that is not then capable of being resolved, postpone the imposition of sentence for a reasonable time until the factor is capable of being resolved." Fed.R.Crim.P. 32(a)(1); see Tinghitella v. California, 718 F.2d 308, 313 (9th Cir.1983) (per curiam) (if sixth amendment speedy trial right applies at sentencing, it requires court to make diligent, good-faith effort to sentence defendant) (citing Pollard v. United States, 352 U.S. 354, 361 (1957)); see also United States v. Martinez, 837 F.2d 861, 866 (9th Cir.1988) (factors to be weighed in evaluating speedy trial claim are length of delay, reason for delay, defendant's assertion of right, and prejudice to defendant).
 
 
 11
 Sliker pleaded guilty on November 15, 1988. His sentencing hearing originally was scheduled for January 3, 1989, and it was continued until January 23. Sliker was sentenced on March 20, 1989.
 
 
 12
 Sliker's sentence was substantially longer than a pre-Guidelines sentence would have been; nonetheless, the delay was short, the reasons for the delay were counsel's failure to appear and the continuance granted to Allison, and Sliker consented to the continuance. Accordingly, the 20-day delay did not violate Sliker's right to a speedy trial. See Martinez, 837 F.2d at 866; Tinghitella, 718 F.2d at 313. Moreover, the district court's desire to sentence Allison and Sliker together was a "factor important to the sentencing determination." See Fed.R.Crim.P. 32(a)(1). Accordingly, the delay did not violate Rule 32(a). For this reason, and because when Sliker pleaded guilty he was on notice of the possibility that the Supreme Court would vacate Gubienso-Ortiz, his Guidelines sentence was proper. See Kincaid, 898 F.2d at 111; Gonzalez-Sandoval, 894 F.2d at 1053.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3