45 F.3d 435
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Noble DEBAMAKA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-56695.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Dec. 28, 1994.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Noble Debamaka, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, correct, or set aside his sentence. Following the entry of a guilty plea, Debamaka was convicted of possession of heroin with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1), conspiracy in violation of 21 U.S.C. Sec. 846, importation of heroin in violation of 21 U.S.C. Secs. 952(a), 960(a)(1), and conspiracy in violation of 21 U.S.C. Sec. 963. Debamaka contends that: (1) he was denied the effective assistance of counsel because his attorney failed to preserve his right to appeal the denial of his suppression motion in a conditional plea agreement; and (2) the district court erred in denying his Sec. 2255 motion without an evidentiary hearing. We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, United States v. Johnson, 988 F.2d 941, 944 (9th Cir.1993), and affirm.
 
 
 3
 To obtain relief for a claim of ineffective assistance of counsel, a defendant must meet the two requirements enunciated in Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must show that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Second, a defendant must show that counsel's deficient performance prejudiced the defense. Id. at 692. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993).
 
 
 4
 We need not consider counsel's performance because Debamaka fails to show prejudice. See Strickland, 466 U.S. at 687; United States v. Palomba, 31 F.3d 1456, 1460 (9th Cir.1994) (emphasizing that defendant must establish both deficient performance and resulting prejudice to prevail on ineffective assistance of counsel claim). Debamaka has not shown that he would have likely succeeded on appeal, if his attorney had preserved the suppression issue. See Strickland, 466 U.S. at 694.
 
 
 5
 First, Debamaka cannot show that the customs agents lacked a reasonable suspicion to detain Debamaka at the border. See United States v. Oba, 978 F.2d 1123, 1128 (9th Cir.1992). The record indicates that Debamaka's flight to the United States originated in Nigeria, a source country for narcotics; a stewardess from the flight told a customs agent that neither Debamaka nor Debamaka's codefendant ate anything during the flight; and a routine search of Debamaka's luggage revealed an almost empty jar of vaseline, an almost empty bottle of baby oil, pain killer, and antibiotics. In addition, under questioning Debamaka gave inconsistent answers about his work and the purpose of his trip to Nigeria. According to Customs Agent Lescizka, Debamaka became nervous and started to shake when Lescizka performed a patdown search. Debamaka also seemed to experience pain when Lescizka applied slight pressure to Debamaka's abdomen. Debamaka has not demonstrated a reasonable probability that he could have succeeded on appeal because the totality of these circumstances is sufficient to justify Debamaka's detention. See id.
 
 
 6
 Second, Debamaka cannot show that the district court clearly erred in finding that Debamaka voluntarily consented to an x-ray search. See id. at 1129; United States v. Caicedo-Guarnizo, 723 F.2d 1420, 1423-24 (9th Cir.1984). Following the initial search, Lescizka provided Debamaka with a written consent form to an x-ray examination, which Debamaka read and signed. Debamaka provided no evidence to support his claim that his consent was involuntary, either at the suppression hearing or in connection with his Sec. 2255 motion. Thus, Debamaka has not demonstrated a reasonable probability that he could have succeeded on appeal even if had been able to appeal the suppression issue. See Strickland, 466 U.S. at 694; Oba, 978 F.2d at 1128; Caicedo-Guarnizo, 723 F.2d at 1423-24. Accordingly, Debamaka has not shown prejudice from the alleged ineffectiveness of his attorney in failing to preserve the suppression issue for appeal. See Strickland, 466 U.S. at 687-88.
 
 
 7
 Debamaka contends that the district court erred in denying his Sec. 2255 motion without an evidentiary hearing. This contention lacks merit because Debamaka has failed to allege any facts which would entitle him to relief. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990). Accordingly, the district court did not err in denying Debamaka's Sec. 2255 motion without an evidentiary hearing. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3