94 F.3d 652
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James McCLEARN, Petitioner-Appellant,
v.
William DUNCAN, Warden; James H. Gomez, Respondents-Appellees.
 No. 94-16408.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 6, 1996.
Decided Aug. 9, 1996.
 
 Before: WRIGHT, BEEZER and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner James McClearn appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. McClearn was convicted of first degree burglary in 1991. McClearn contends that he did not receive a fair trial because of a biased jury, and that he received ineffective assistance of counsel because his counsel failed to strike the alleged biased jurors. We have jurisdiction pursuant to 28 U.S.C. § 2253. After liberal construction of McClearn's petition and a de novo review of his claims, we affirm. Chacon v. Wood, 36 F.3d 1459, 1465 (9th Cir.1994) (liberal construction of a pro se petition); Hunter v. Aispuro, 982 F.2d 344, 346 (9th Cir.1992) (standard of review), cert. denied, 114 S.Ct. 240 (1993).
 
 
 3
 * The district court found that McClearn's claim of jury bias was procedurally barred from federal habeas review because he did not strike the alleged biased jurors for cause or exercise his peremptory challenges prior to trial as required by California law.[1] We disagree.
 
 
 4
 A federal court is barred from reviewing a question of federal law decided by a state court if "the state judgment rests on independent and adequate state procedural grounds." Coleman v. Thompson, 501 U.S. 722, 730 (1991). A state court's unexplained denial of a habeas corpus petition does not indicate its reliance on independent and adequate state procedural grounds. See Harris v. Reed, 489 U.S. 255, 263 (1989) (consideration of federal claim on habeas review not barred unless state court "clearly and expressly" relied on state procedural rule to dispose petitioner's claim); Hunter, 982 F.2d at 348 (federal habeas review not barred where state courts summarily denied a habeas corpus petition).
 
 
 5
 In his direct appeal, McClearn filed a brief under People v. Wende, 600 P.2d 1071 (Cal.1979), asking the California appellate court for an independent review of the entire record to determine whether there were any arguable issues. The state appellate court affirmed the state trial court's judgment without particularly addressing the issue of jury bias. In his petition for writ of habeas corpus to the California supreme court, McClearn argued that certain jurors were biased because of their ties to people in law enforcement. The California supreme court summarily denied McClearn's habeas corpus petition. Because the California courts did not "clearly and expressly" rely on the state procedural bar to dispose McClearn's jury bias claim, our review of the merits of the claim is not barred. See Harris, 489 U.S. at 263; Hunter, 982 F.2d at 348.
 
 B
 
 6
 McClearn contends that he was denied a fair trial because one juror, Audrey Allen, "expressed animosity toward anyone accused of stealing," and because several other jurors had relatives who worked at the sheriff's department or who were otherwise connected to law enforcement.
 
 
 7
 A defendant enjoys the due process right "to be tried by a panel of impartial, indifferent jurors." Jeffries v. Blodgett, 5 F.3d 1180, 1189 (9th Cir.1993) (quotations omitted), cert. denied, 114 S.Ct. 1294 (1994). On habeas review, we must "determine whether there was such a degree of prejudice against the petitioner that a fair trial was impossible." Id. (citation omitted). The proper test for determining whether a juror is biased is "whether the juror[ ] ... had such fixed opinions that [he] could not judge impartially the guilt of the defendant." United States v. Quintero-Barraza, 78 F.3d 1344 (9th Cir.1995) (quoting Patton v. Yount, 467 U.S. 1025, 1035 (1984)). Bias is presumed only in "those extreme situations where the relationship between a prospective juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial in his deliberations." Tinsley v. Borg, 895 F.2d 520, 527 (9th Cir.1990) (citation omitted), cert. denied, 498 U.S. 1091 (1991).
 
 
 8
 Despite Ms. Allen's statements suggesting her animosity toward thieves, we are not convinced that her opinions were so "fixed" that she could not impartially judge the guilt of the defendant. During voir dire, Ms. Allen stated under oath that she had no opinion as to the guilt or innocence of McClearn, that she understood that he was presumed innocent until proven guilty, that she understood that the burden of proof was beyond a reasonable doubt, and that she would render a verdict based solely on the evidence presented. We pay due respect to these attestations. See Quintero-Barraza, 78 F.3d at 1344 (holding that despite juror's statements that one is guilty until proven innocent and that it would be difficult to be impartial, court must give "due respect" to juror's "oath to faithfully apply the law"). Ms. Allen has not been shown to be actually biased, and this case is far from the "extreme" case in which bias is presumed.
 
 
 9
 We are also unpersuaded that the jurors with law enforcement ties were biased against McClearn. During voir dire, the jurors were carefully questioned about their relationships with law enforcement officers, and they attested under oath that they would be fair and impartial and would base their verdict on the evidence alone. There is no indication that the jurors were actually biased, and absent such a showing, the relatives of law enforcement officers are not per se disqualified as jurors. United States v. James, 453 F.2d 27, 28 (9th Cir.1971).
 
 II
 
 10
 McClearn asserts that his counsel's failure to strike the alleged biased jurors constitutes ineffective assistance of counsel. To establish ineffective assistance of counsel, a petitioner must show that his counsel's performance was "outside the wide range of professionally competent assistance" and that the ineffective performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 690 (1984). Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 11
 We cannot conclude that McClearn received ineffective assistance of counsel. As we explained above, there has been no showing that the allegedly biased jurors were actually biased, nor will we presume that they were biased. McClearn has therefore failed to show that he was prejudiced by his counsel's failure to strike these jurors. There has been no showing that "the result of the proceeding was fundamentally unfair or unreliable." United States v. Palomba, 31 F.3d 1456, 1461 (9th Cir.1994) (quoting Lockhart v. Fretwell, 506 U.S. 364, 368 (1993)).[2]
 
 III
 
 12
 Adopting his arguments in the district court, McClearn also contends that (1) the state trial court erred in denying his motion for a new trial; (2) there was insufficient evidence to convict him of burglary; (3) use of his prior convictions of burglary to enhance his sentence violated double jeopardy because he had already been punished for his prior offenses; and (4) state appellate counsel was ineffective because he only filed a Wende brief without identifying any issues in McClearn's direct criminal appeal.
 
 
 13
 McClearn's arguments are not persuasive for the reasons stated in the district court's decisions dated July 29, 1993 (discussions on denial of a motion for a new trial and double jeopardy claims), June 7, 1994 (disposition on insufficient evidence and ineffective assistance of appellate counsel claims), and August 2, 1994 (further discussion on ineffective assistance of appellate counsel).
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In its briefs to the district court and our court, the state argued that McClearn "waived" the jury bias claim. The district court appeared to interpret the "waiver" argument as a procedural default argument. The district court also found that no cause and prejudice existed
 
 
 [2]
 Because McClearn was not prejudiced by his counsel's performance, we need not determine whether it was deficient. We note, however, that there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689