95 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfredo GRAGEDA-CHAVEZ, Defendant-Appellant.
 No. 95-35662.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1996.*
Decided Aug. 26, 1996.
 
 Before: WRIGHT, BEEZER and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Alfredo Grageda-Chavez appeals the denial of his 28 U.S.C. § 2255 motion challenging his sentence for distribution and conspiracy to distribute cocaine. Grageda-Chavez contends that the district court erred by finding that he received effective assistance of counsel at sentencing. The government asserts that Grageda-Chavez waived section 2255 review of the sentencing argument by not raising it on direct appeal. We have jurisdiction and we review de novo the district court's denial of a section 2255 motion and for clear error the court's underlying factual findings. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). We vacate and remand.
 
 
 3
 * WAIVER
 
 
 4
 The government asserts that Grageda-Chavez is precluded from asserting sentencing issues in a section 2255 motion because he waived these issues by not raising them before the district court or on direct appeal. We disagree.
 
 
 5
 Grageda-Chavez raised his sentencing arguments on direct appeal. His argument here alleges a constitutional violation, asserting that he was denied effective assistance of counsel.
 
 II
 INEFFECTIVE ASSISTANCE OF COUNSEL
 
 6
 Grageda-Chavez contends that if trial counsel had challenged the quantity of drugs used to calculate his base offense level for conspiracy to distribute cocaine, he would have received a lower sentence. We agree that there was a reasonable probability that there would have been a shorter sentence.
 
 
 7
 In order to prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Swanson, 943 F.2d 1070, 1073 (9th Cir.1991). The petitioner has the burden of showing prejudice. See United States v. Palomba, 31 F.3d 1456, 1460-61 (9th Cir.1994).
 
 
 8
 The Sentencing Guidelines provide that the base offense level for a defendant convicted for conspiracy to distribute controlled substances shall be calculated by including each conspiracy transaction with those of the substantive counts of conviction. U.S.S.G. § 2D1.4, comment. (n. 1) (Jan.1988). This instruction was qualified by this language:
 
 
 9
 If the defendant is convicted of conspiracy, the sentence should be imposed only on the basis of the defendant's conduct or the conduct of co-conspirators in furtherance of the conspiracy that was known to the defendant or was reasonably foreseeable.
 
 
 10
 We interpret this provision of the Sentencing Guidelines as requiring that the government prove by a preponderance of the evidence either of two things: (1) the quantity of drugs distributed by the conspiracy that was reasonably foreseeable, or (2) the defendant knew the quantity of drugs distributed by the conspiracy. United States v. Petty, 992 F.2d 887, 891 (9th Cir.1993); see also United States v. Navarro, 979 F.2d 786, 788 (9th Cir.1992).
 
 
 11
 Here, Grageda-Chavez' convictions stem from his involvement in a single drug sale. On November 2, 1988, Grageda-Chavez' and one co-conspirator brought Immigration and Naturalization Service Special Agent Larry Villadolid to a safehouse because Agent Villadolid told him he wanted to purchase cocaine in kilogram quantities. Upon arrival Grageda-Chavez conducted a security sweep of both the interior and exterior of the safehouse. After he finished the sweep, Agent Villadolid and the other co-conspirator, Rafael Mendoza-Lemus, moved into the kitchen and negotiated the purchase of five kilograms of cocaine. As a show of good faith, Agent Villadolid purchased four ounces of cocaine.[1]
 
 
 12
 The presentence report calculated the offense level using a quantity of fifty-plus kilograms of cocaine rather than five-plus kilograms of cocaine. Although Grageda-Chavez' trial counsel offered a variety of arguments, he failed to refer the court to the applicable guideline or Application Note.[2] He did not tell the court that the quantity of drugs distributed by the conspiracy was not reasonably foreseeable. The district court computed the offense level based upon the fifty-plus kilogram quantity of cocaine. The district court sentenced Grageda-Chavez to concurrent 188-month terms of imprisonment on the conspiracy and distribution convictions.
 
 
 13
 Because the Sentencing Guidelines provide that a defendant may not be sentenced for drug transactions that were not known to him or reasonably foreseeable, Grageda-Chavez' trial counsel's conduct was deficient. See Strickland, 466 U.S. at 687-90. We can conceive of no tactical advantage to be gained by failing to raise an objection which would reduce the offense level.
 
 
 14
 Given the lack of evidence linking Grageda-Chavez to the conspiracy at any time other than November 2, 1988, we also conclude that trial counsel's failure to advise the court of the applicable requirements of sentencing prejudiced this defendant. See Strickland, 466 U.S. at 687-90.
 
 
 15
 We vacate and remand to the district court for resentencing.
 
 
 16
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The only other evidence linking Grageda-Chavez to the conspiracy is a statement by a co-conspirator that Mendoza-Lemus once told him that he sold cocaine to Grageda-Chavez
 
 
 [2]
 Grageda-Chavez now cites to the U.S.S.G. § 1B1.3, comment. (n. 1), which was not effective until November 1, 1989. The proper citation is to § 2D1.4, comment. (n. 1) (1988), which contains similar language, because Grageda-Chavez was sentenced on June 16, 1989