UNITED STATES of America, Plaintiff–Appellee,

v.

Joseph M. PALOMBA, Defendant–Appellant.

No. 93–10061.

United States Court of Appeals, Ninth Circuit.

Submitted May 11, 1994 *.

Decided Aug. 10, 1994.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Joseph M. Palomba, pro se.

Rory K. Little and Eric R. Havian, Asst. U.S. Attys., San Francisco, CA, for plaintiff-appellee.

Before CHOY, POOLE, and REINHARDT, Circuit Judges.

CHOY, Circuit Judge:

On October 22, 1990, Appellant Joseph Palomba (Palomba) was convicted of mail fraud, wire fraud and making false statements to a federal agency, in violation of 18 U.S.C. §§ 1341, 1343 and 1001. He was sentenced to 71 months imprisonment and three years supervised release. Palomba challenges his conviction on the basis of ineffective assistance of counsel and the district court's lack of subject matter jurisdiction or venue.

Palomba contends that he received ineffective assistance of counsel because his attorney failed (i) to argue that the district court lacked subject matter jurisdiction over the crimes; (ii) to object when Palomba was not brought to trial within 70 days of indictment pursuant to Section 3161(c) of the Speedy Trial Act (STA), 18 U.S.C. § 3161 *et. seq.*; and (iii) to argue that two counts in the superseding indictment violated the 30–day limit set forth in Section 3162(a)(1) of the STA. Palomba further contends that the district court committed reversible error in imposing a consecutive sentence of 11 months for mail fraud, in addition to a 60 month sentence for a separate count of wire fraud, to achieve a combined sentence exceeding the maximum punishment for any single charge of conviction.

We affirm Palomba's conviction of wire fraud and making a false statement to a federal agency, vacate his conviction of two counts of mail fraud and remand for resentencing.

## BACKGROUND

The facts of this case are straightforward and undisputed. On April 10, 1990, a complaint was filed against Palomba in the United States District Court for the Northern District of California, charging Palomba with making false statements to a federal agency, mail fraud and conspiracy, in violation of 18 U.S.C. §§ 1001, 1341 and 371. These charges arose in connection with a scheme wherein Palomba, through Surety Bond Services, Inc., an Arizona corporation (SBS), submitted affidavits containing false statements of financial worth to federal agencies in order to obtain approval to act as a surety on government construction contracts.

On April 11, 1990, a bench warrant was issued. The following day Palomba was arrested, brought before a magistrate judge in the Central District of California, and released on bond. On April 20, 1990, an indictment was filed in the Northern District of California charging Palomba with one count of conspiracy to defraud the United States and one count of making false statements to a federal agency in violation of 18 U.S.C. §§ 371 and 1001. The following day Palomba claims the 70–day clock between indictment and trial began to tick under Section § 3161(c) of the STA.

On May 15, 1990, Palomba made his initial appearance in the Northern District of Cali-

fornia. The Government contends that the 70–day clock began to run on this date. Two days later Palomba was arraigned on the two-count indictment and trial was set for May 30, 1990. When Palomba's counsel failed to appear for trial on the scheduled date, trial was reset for June 7.

On June 7, 1990, the trial was postponed on the Government's motion pending resolution of a dispute between the parties. The Government withdrew the motion on June 27. Judge Smith then rescheduled the trial for July 30. The Government contends, and Palomba does not explicitly dispute, that its motion tolled the 70–day clock during this twenty day interim between submission and withdrawal of the motion.

On July 13, 1990, a superseding indictment was returned which: (1) recharged Palomba with two counts of mail fraud in violation of 18 U.S.C. § 1341, a charge previously raised in the complaint but omitted from the original indictment; (2) charged Palomba for the first time with four counts of wire fraud in violation of 18 U.S.C. § 1343; and (3) recharged Palomba with one count of making false statements to a federal agency in violation of 18 U.S.C. § 1001, a charge raised in the complaint and repeated in the original indictment.

On July 19, 1990, Palomba moved for a continuance to permit counsel time to adequately prepare for the complex trial. Counsel stated, and Palomba does not dispute, that she "discussed the need for a continuance with [Palomba] and he has no objection." On July 24, 1990, Judge Smith granted Palomba's motion for a continuance. Defense counsel requested a trial date in September. After the judge stated that he would be unavailable in September, defense counsel requested an October 15 trial date. Before accepting this date, Judge Smith informed Palomba of his right to a speedy trial and offered to reassign the case. Palomba declared that he agreed with his counsel's proposed trial date of October 15, 1990. Judge Smith then rescheduled the trial for that date.

Trial began on October 15, 1990. One week later Palomba was convicted on all counts. Palomba was sentenced to consecu-

tive sentences of 60 and 11 months on the two mail fraud counts, with the remaining sentences to be served concurrently.

On August 5, 1992, Palomba appealed the district court's consideration at sentencing of unrealized losses to the Government. A Ninth Circuit panel affirmed Palomba's sentence in *United States v. Palomba*, 972 F.2d 1346 (1992).

On January 7, 1993, Judge Smith rejected as "meritless" Palomba's motion *pro se* to vacate his sentence for lack of subject matter jurisdiction and ineffective assistance of counsel.

## DISCUSSION

### I.

Palomba's first contention of error is that the district court erred in rejecting his motion to correct, set aside or vacate his sentence in view of trial counsel's failure "to challenge the court's jurisdiction over the properties on which the offenses took place." Palomba further contends that " 'federal jurisdiction' was lacking within the Northern District of California because the offenses of both mail and wire fraud, set out in the *superseding* indictment, clearly took place within the Central District of California." We disagree.

 We review de novo as a mixed question of law and fact whether counsel rendered ineffective assistance of counsel. *United States v. Olson*, 925 F.2d 1170, 1173 (9th Cir.1991). To prevail on an ineffective assistance of counsel claim, Palomba must overcome a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). Under *Strickland*, a defendant seeking reversal on this ground "must establish both deficient performance and resulting prejudice." *Olson*, 925 F.2d at 1173. To establish deficient performance, the defendant must first demonstrate that counsel not merely committed errors, but rather performed outside the "wide range of professionally competent as-

sistance." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066. Under *Strickland's* second, prejudice prong, the defendant must also meet the substantial burden of showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. Under the Court's recent explication of *Strickland's* second prong, prejudice analysis "focussing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." *Lockhart v. Fretwell,* ── U.S. ──, ──, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993).

Viewed literally as a jurisdiction argument, Palomba's first contention of error plainly lacks merit. *See* 18 U.S.C. § 3231 (conferring original jurisdiction over federal offenses on federal district courts). Defense counsel's failure to raise this futile jurisdictional argument was not erroneous, much less deficient.

■ However, upon closer inspection, Palomba's first contention of error appears to be an imprecisely worded venue argument. In this case we deem such imprecision by a *pro se* party excusable given that "[o]ccasionally courts speak in terms of jurisdiction when they mean venue ... [without converting] venue problems into problems involving subject matter jurisdiction." *United States v. Roberts,* 618 F.2d 530, 537 (9th Cir.1980). Accordingly, we reach the merits of Palomba's argument.

■ Because the record does not clearly demonstrate that the transmissions underlying counts 1–6 originated from, passed through, were received in, or were orchestrated from Northern California, these crimes were evidently not "committed" there for venue purposes. *See United States v. Goldberg,* 830 F.2d 459, 465 (3d Cir.1987). Further, although venue for count 7, filing a false statement under 18 U.S.C. § 1001 count, was properly established, Rule 8 of the Federal Rules of Criminal Procedure does not permit joinder of offenses committed in different districts. *See United States v.*

*Hirschfeld,* 964 F.2d 318, 321 (4th Cir.1992), *cert. denied,* ── U.S. ──, 113 S.Ct. 1067, 122 L.Ed.2d 371 (1993); 8 James W. Moore, et al., Moore's Federal Practice ¶ 8.05[1] at 8–18 (2d ed. 1989). Joinder of counts 1–6 with count 7 being thus precluded, venue in the Northern District of California as to counts 1–6 was vulnerable to challenge by Palomba's counsel. Further, counsel's failure to object to venue appeared to be a matter of inadvertence rather than trial tactics deferentially reviewed under *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066, given that the record lacks evidence that defense counsel considered such an attack.

Nevertheless, even assuming oversight of this venue objection fell outside the "wide range of professionally competent assistance" under the first prong of *Strickland,* we reject Palomba's first contention of error because his counsel's error was not prejudicial under that case's conjunctive second prong. Palomba produced no evidence or argument suggesting that his counsel's failure to defeat venue in the Northern District of California had any bearing on the fairness of his trial or was otherwise prejudicial or outcome-determinative. Palomba did not demonstrate or even argue, for example, that a change of venue motion could have been premised on adverse publicity and the difficulty of selecting an impartial jury in the district. *See Duff–Smith v. Collins,* 973 F.2d 1175, 1183 (5th Cir.1992); *accord Anglin v. Green,* 639 F.Supp. 490, 499 (S.D.Ga.1986), *aff'd without op.,* 853 F.2d 930 (11th Cir.1988), *cert. denied,* 488 U.S. 1031, 109 S.Ct. 841, 102 L.Ed.2d 973. Accordingly, the district court did not err in declining to vacate Palomba's sentence on the basis of counsel's failure to challenge venue.

## II.

■ Palomba's second contention of error is that defense counsel was ineffective in failing to object that Palomba was not brought to trial within 70 days of indictment, as required by the STA, 18 U.S.C. § 3161(c).[1] We disagree.

1. Section 3161(c) provides in relevant part that a defendant must be tried within seventy days:

Palomba's second contention of error is unpersuasive because Palomba miscalculated the date the STA clock began to run and the periods during which the motions of both parties tolled the clock. Palomba argues that the clock began to run on April 12, 1990, the day he was arrested and brought before a judge in the Central District of California. This argument overlooks the fact that the 70–day period commences only on the date when the defendant is brought before a "judicial officer of the court *in which the matter is pending*," 18 U.S.C. § 3161(c) (emphasis added), assuming that, as here, the indictment predates the initial appearance. *See United States v. Wilson*, 720 F.2d 608, 609 (9th Cir.1983), *cert. denied*, 465 U.S. 1034, 104 S.Ct. 1304, 79 L.Ed.2d 703 (1984). Palomba was not brought before a judicial officer of the Northern District of California until May 15, 1990. Since Palomba's appearance on May 15 was the "date which last occurs" for purposes of Section 3161(c), the STA clock began to run on that date.

Because 70 days had not elapsed on the STA clock prior to Palomba's successful motion for a continuance on July 19, 1990, granted five days later, Palomba's trial was timely for purposes of the STA. Even if intervening motions excluding time are ignored, fewer than 70 days separated Palomba's initial appearance on May 15, 1990, and his motion for a continuance. While Palomba's trial was not held until October 15, 1990, he tolled the STA clock within the 70–day period with his motion for a continuance to permit his counsel adequate time to prepare for a complex trial. *See United States v. Gallardo*, 773 F.2d 1496, 1505 (9th Cir.1985) (continuance justified by counsel's need for additional preparation time tolled the STA clock).

■ After the district court explained to Palomba his right to a speedy trial and the length of the continuance, Palomba consulted with his counsel and confirmed that he would accept the October 15, 1990 trial date. Where a defendant stipulates to the need for trial preparation, he "cannot maintain that these continuances give rise to an STA violation." *Id.* at 1506; *see also, Denham v. Deeds*, 954 F.2d 1501, 1505 (9th Cir.1992). Having made a fully-informed choice to move for a continuance tolling the clock, Palomba was precluded from objecting that his right to a speedy trial was violated.

■ Palomba also contends that defense counsel was ineffective for failure to object to Judge Smith's remark that the superseding indictment, filed on July 13, 1990, "probably" restarted the 70–day clock under Section 3161(c) of the STA. Insofar as the superseding indictment repeated some of the charges contained in the original indictment, Judge Smith's supposition was probably incorrect. *See United States v. Karsseboom*, 881 F.2d 604, 607 (9th Cir.1989) ("the 70–day clock continues and does not begin anew unless the original indictment in its entirety has been previously dismissed"). However, because Palomba's motion for a continuance tolled the 70–day clock, the October trial date would have complied with the STA regardless of whether the district court restarted the 70–day clock six days upon the filing of the superseding indictment on July 13, 1990, six days before the clock-tolling motion. In addition, Judge Smith did not reschedule the trial date exclusively or even primarily on this tenuous ground; rather, the judge granted a continuance chiefly to serve the "ends of justice" by permitting Palomba's counsel time for adequate trial preparation.[2] Accordingly, we conclude that counsel's failure to object was not prejudicial and does not support an ineffectiveness claim. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

## III.

■ Palomba's third and only meritorious contention of error is that defense coun-

from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.
18 U.S.C. § 3161(c).

**2.** We note that the "ends of justice" continuance was specifically limited in time and that Judge Smith provided a justification on the record at the time she ordered it. The continuance thus satisfied the procedural requirements constraining district courts in their use of the "ends of justice" delay. *See, e.g., United States v. Jordan*, 915 F.2d 563, 565–66 (9th Cir.1990).

sel rendered deficient performance in failing to move to dismiss the two mail fraud counts introduced in the complaint, omitted from the original indictment, and then charged approximately three months later in the superseding indictment. Palomba contends that because counts 1–2, the mail fraud counts, were filed more than thirty days after his arrest on the complaint in violation of 18 U.S.C. § 3161(b), defense counsel should have moved for their dismissal under Section 3162(a)(1) of the STA.[3] We agree.

■■■ The Government challenges this contention on two grounds: (i) because the superseding indictment identified mailings, misrepresentations and fraudulent acts not specified in the complaint, the superseding indictment alleged distinct violations and thus did not contain "such charges" requiring dismissal for untimeliness under Section 3161(b) of the STA and *United States v. Heldt,* 745 F.2d 1275, 1280 (9th Cir.1984);[4] and (ii) because the mail fraud counts were "relevant conduct" for sentencing purposes,

the alleged error did not affect Palomba's sentence and was therefore not prejudicial.

The Government's first counter-argument is problematic because the mail fraud counts untimely raised in the superseding indictment repeated *charges* (i.e., counts alleging violation of a particular statute) stated in the complaint over thirty days before, despite being based perhaps on wholly or partially discrete *offenses* (i.e., acts in violation of the same or different criminal statutes or laws) within the same criminal scheme. In this event, the STA plainly requires that "such *charge* shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1) (emphasis added).

■■■ The Government invites us to consider factual differences, not clearly established in the record or apparent on the face of the complaint and superseding indictment, distinguishing the original and subsequent mail fraud charges. We decline. Under this circuit's widely followed interpretation of Section 3162(a)(1) and its legislative history,[5] the STA precludes courts from engaging "in

---

**3.** Section 3161(b) provides in relevant part that:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

18 U.S.C. § 3161(b).

Section 3162(a)(1) provides in relevant part that:

> [i]f ... no indictment or information is filed within the time limit required by Section 3161(b) as extended by Section 3161 of this chapter, such charge against that individual in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(1).

**4.** In *Heldt* we found no STA violation to have occurred where the superseding indictment, filed over 30 days after the complaint, substituted a charge of interstate transportation of stolen motor property under 18 U.S.C. § 2314 for a charge in complaint of interstate transportation of a stolen motor vehicle under 18 U.S.C. § 2312. 745 F.2d at 1280. We held that "since Heldt was indicted within thirty days on the complaint

(the motor vehicle count), and the second indictment was for a count not charged in the complaint, neither count need be dismissed." *Id.*

*Heldt,* extensively relied on by the Government, is distinguishable from the instant case, insofar as there the count in the second indictment involved both a distinct subject matter (a truck tractor versus a trailer) and a different statute from the charges in the complaint. *Id.* at 1280. Here, the mail fraud charges in the complaint and the superseding indictment both arose under 18 U.S.C. § 1341.

**5.** In *Heldt,* we noted that the "legislative history of the Act illustrates that Congress considered and rejected language which would restrict reprosecution of conduct 'arising from the same criminal episode' or offenses which were 'known or reasonably should have been known.'" 745 F.2d at 1280 (citation omitted). This and other circuits have consistently interpreted Congress' rejection of this language to require a bright line test whereby "the offenses to be dismissed are now apparent on the face of the complaint." *Pollock,* 726 F.2d at 1463 (footnote omitted); *see also, United States v. Giwa,* 831 F.2d 538, 541 (5th Cir.1987) ("the legislative history of the Act supports a narrow interpretation of section 3162(a)(1)"); *United States v. Napolitano,* 761 F.2d 135, 138 (2d Cir.), *cert. denied,* 474 U.S. 842, 106 S.Ct. 129, 88 L.Ed.2d 106 (1985), *citing Pollock,* 726 F.2d at 1462, and *Heldt,* 745 F.2d 1275.

the complex task of investigating the relationship between the conduct underlying the offenses charged in the complaint and the conduct underlying the offenses listed in the indictment." *United States v. Pollock*, 726 F.2d 1456, 1463 (9th Cir.1984). The Government's belated efforts to distinguish the mail fraud counts raised in the complaint and the superseding indictment would impermissibly "draw the court into the very case-by-case inquiry that the bright-line rule [under Section 3162(a)(1) ] attempts to avoid." *United States v. Velasquez*, 890 F.2d 717, 720 (5th Cir.1989) (following *Pollock* ).

▇▇▇▇ Here, the complaint and the more specifically framed superseding indictment both charged violations of 18 U.S.C. § 1341 in connection with Palomba's use of the mails to further his fraudulent surety scheme against various federal agencies. Under Sections 3161(a) and 3162(b), the Government may prosecute a defendant accused in a complaint and untimely charged in a subsequent indictment when the respective offenses are punishable under different statutes, despite the fact that they arose from the same criminal transaction. *See Giwa*, 831 F.2d at 543 (credit card fraud distinct from mail fraud); *Napolitano*, 761 F.2d at 139 (false application for a bank account "entirely different from" larceny of bank funds); *Velasquez*, 890 F.2d at 720 (deeming "separate and distinct" charges of possessing marijuana with intent to distribute and conspiracy to commit the same offense); *Heldt*, 745 F.2d at 1280 (interstate transportation of motor property versus motor vehicle). By the same token, where, as here, the charges in the complaint and a later indictment are brought under the same statute, such charges shall be dismissed under Section 3161(b), absent substantial discrepancies in

time, place and manner between the underlying criminal episodes "apparent on the face of the complaint." [6] *Pollock*, 726 F.2d at 1462.[7]

In short, the superseding indictment charged Palomba in an untimely manner with an offense which was contained in the complaint but which was not preserved against Section 3162(a)(1) dismissal either by such facial factual differences or by inclusion in the timely original indictment. Accordingly, defense counsel erred in failing to move for dismissal of the mail fraud charges untimely raised in the superseding indictment under Section 3161(c) of the STA.

We are also unpersuaded by the Government's second counter-argument, that Palomba "was not prejudiced by counsel's decision to forgo a motion to dismiss the mail fraud counts" because even a successful challenge to the untimely raised counts would not have reduced Palomba's sentence. The Government contends that even if the two mail fraud charges in the superseding indictment had been dismissed, Palomba would have received the same sentence because the sentencing judge would nonetheless have taken the offenses into account as "relevant conduct" under *United States v. Fine*, 975 F.2d 596, 600 (9th Cir.1992) (*en banc* ).

▇▇▇▇ As a preliminary matter, the Government merely asserted but did not demonstrate that the mail fraud counts could be grouped with the remaining counts at sentencing as "relevant conduct" under *Fine* and United States Sentencing Guideline (U.S.S.G.) Section 3D1.2. The Government is probably correct that dismissal of the mail fraud charges would not have precluded their consideration at sentencing under *Fine*.[8]

---

**6.** Here, the Government failed to demonstrate convincingly that the superseding indictment charged distinct mail fraud offenses, as opposed to merely setting forth in greater detail the conduct giving rise to the mail fraud counts first raised in more general terms in the complaint.

**7.** *Pollock* is not direct authority because we cannot know whether in that case any of the retained counts arose either under the same statute as, or "in connection with," the dismissed count for purposes of Section 3161(b). *See Heldt*, 745 F.2d at 1280, n. 10.

**8.** Relevant conduct is defined with reference to the degree of similarity, regularity and temporal proximity linking the charges of conviction with other criminal conduct by the defendant. *United States v. Hahn*, 960 F.2d 903, 910 (9th Cir.1992), cert. denied, —— U.S. ——, 114 S.Ct. 394, 126 L.Ed.2d 342 (1993). Palomba's separately charged transmittals by mail and facsimile were roughly contemporaneous events, constituted essentially similar *modus operandi*, and were sent in furtherance of the same criminal objective. Given this nexus between the wire fraud counts on which Palomba was properly convicted and

However, the Government leaps too quickly from its relevant conduct analysis to the conclusion that dismissal of the mail fraud charges would have been of no "benefit" to Palomba and, correlatively, counsel's failure to move for a dismissal of these charges would be harmless.

 We conclude that defense counsel's error unfairly prejudiced Palomba. It is settled that an error that may increase a defendant's sentence is prejudicial. *See United States v. Skillman,* 922 F.2d 1370, 1379 (9th Cir.1990), *cert. dismissed,* —— U.S. ——, 112 S.Ct. 353, 116 L.Ed.2d 275 (1991).[9] Several circuits have supported the converse proposition that an erroneous conviction not increasing the defendant's sentence was harmless. *See United States v. DeBright,* 730 F.2d 1255, 1258 (9th Cir.1984) (*en banc*). Rejecting the concurrent sentence doctrine, the Ninth Circuit has held that an invalid conviction is reviewable even if "reversal would not shorten [the defendant's] prospective jail time." *United States v. Kincaid,* 898 F.2d 110, 112 (9th Cir.1990), *citing DeBright,* 730 F.2d at 1258. Overruling previous panel decisions, we found in *DeBright* that:

> [a]pplication of the concurrent sentence doctrine inherently requires the assessment of all adverse collateral legal consequences of unreviewed convictions at the time the sentence is appealed ... This approach, unfortunately, placed the risk of our lack of omniscience on the party who will, without present or future review, suffer from the mistake.

898 F.2d at 112.

Had we divined the Sentencing Guidelines in their current incarnation in *DeBright,* the provisions governing criminal history would have reinforced our conclusion that an erroneous conviction may be prejudicial even if the error did not immediately lead to additional jail time. Under U.S.S.G. § 4A1.1(a), the sentencing judge is to: "[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month." In addition to being fined and ordered to pay restitution, Palomba was sentenced to 71 months, well in excess of Section 4A1.1(a)'s one year and one month period, on the mail fraud counts. While a defendant's recidivism should not readily be presumed, Palomba is a demonstrated repeat offender whose criminal history category would accordingly and prejudicially increase by three points in the event of a future federal conviction, absent dismissal of the unchallenged counts. *See United States v. Montenegro–Rojo,* 908 F.2d 425, 431 n. 8 (9th Cir.1990) (potential collateral consequences in the sentencing of a future offense under the Guidelines preserves challenge for appeal even if overturning erroneous conviction would not significantly reduce defendant's jail time).

In addition, under a carelessly drafted or Draconian recidivist statute, the mail fraud convictions might leave Palomba with no remaining "strikes" against him and result in a disproportionate sentence for even a minor future conviction in state court. Other possible sources of prejudice include the additional stigma of the improper conviction and its use to impeach the defendant's credibility in future proceedings. *See O'Claire v. United States,* 470 F.2d 1199, 1203 (1st Cir.1972), *cert. denied,* 412 U.S. 921, 93 S.Ct. 2741, 37 L.Ed.2d 148 (1973) (noting that "[t]he collat-

---

the mail fraud counts, the three criteria for "relevant conduct" appear to have been met.

Moreover, while "grouping under U.S.S.G. § 3D1.2(d) is not appropriate when the guidelines measure harm differently," *United States v. Taylor,* 984 F.2d 298, 303 (9th Cir.1993) (citation omitted), this obstacle to grouping does not appear to be present here because wire fraud and mail fraud are similarly punished on the basis of amount of loss involved in the offense under U.S.S.G. § 2F1.1.

**9.** The Court's reconsideration in *Lockhart v. Fretwell,* —— U.S. ——, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) of *Strickland's* conjunctive prejudice prong does not alter this conclusion. In *Fretwell*

the Court found no prejudicial error under *Strickland's* second prong where counsel failed to cite a case requiring reduction of the defendant's death sentence to life imprisonment without the possibility of parole. *Id.* at ——, 113 S.Ct. at 842–844. While counsel's error no doubt exacerbated the defendant's sentence, the Court's finding of no prejudice was premised largely on the fact that the Eighth Circuit later overruled the favorable case and thereby removed the unfairness from counsel's deficient performance. *Fretwell* thus does not undermine Palomba's entitlement to dismissal under Section 3162(a)(1).

eral effects of a conviction, independent of the sentence, are many and varied") (citations omitted). Accordingly, we find that Palomba satisfied the unfair prejudice prong under *Strickland* and *Fretwell*'s test for ineffective assistance.

■ With regard to *Strickland's* deficient performance prong, no apparent or plausible tactical decision could explain counsel's failure to move for dismissal, potentially with prejudice, of an untimely charge under Section 3162(a)(1). Given the apparent absence from the record of indicia of tactical reflection by counsel on this issue, this failure would appear to fall outside the presumption that counsel's decisions might be considered " 'sound trial strategy' " under *Strickland.* 466 U.S. at 689, 104 S.Ct. at 2065, *quoting Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955). Although "[t]he Constitution does not insure that defense counsel will recognize and raise every conceivable constitutional claim," *Engle v. Isaac,* 456 U.S. 107, 133–34, 102 S.Ct. 1558, 1574–75, 71 L.Ed.2d 783 (1982), STA considerations were prominent enough in the pre-trial period to commend counsel's consideration of a Section 3162(a)(1) dismissal. *See United States v. Headley,* 923 F.2d 1079, 1084 (3d Cir.1991) ("[t]here is no rational basis to believe that ... counsel's failure to argue adjustment [downward as a minimal participant] was a strategic choice"). Because counsel's failure to move for a dismissal was prejudicial and was not a matter of trial tactics falling within her wide discretion under *Strickland's* first prong, Palomba's third contention of error raises a colorable claim of ineffective assistance. .

Here, the record is adequate to permit us to reach directly the conclusion that defense counsel's representation was deficient in her oversight of a Section 3162(a)(1) dismissal. Accordingly, we vacate the two prejudicial mail fraud convictions attributable to counsel's ineffective assistance and remand for resentencing. *See United States v. Baldwin,* 987 F.2d 1432, 1437 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 2948, 124 L.Ed.2d 696 (1993); *Headley,* 923 F.2d at 1084–85. On remand the district court shall consider (i) whether the dismissal of the mail

fraud charges mandated herein should be with or without prejudice; *see Pollock,* 726 F.2d at 1463; and (ii) whether the mail fraud counts constitute relevant conduct eligible for consideration at sentencing notwithstanding their dismissal. If the acts of mail fraud constitute relevant conduct, the district court may consider such conduct in determining Palomba's offense level in accordance with *Fine,* 975 F.2d at 600. If not, the district court shall consider whether any of the Government's losses were separately attributable to the mail fraud charges and whether it must accordingly recalculate Palomba's offense level and sentence under U.S.S.G. § 2F1.1.

### IV.

■ Palomba's final contention of error is that the combined punishment imposed on multiple offenses may not exceed the maximum sentence for the count of conviction carrying the highest statutory maximum. We disagree.

■ We review a district court's application of the Sentencing Guidelines de novo. *Hahn,* 960 F.2d at 907. As a preliminary matter, *United States v. Brady,* 928 F.2d 844 (9th Cir.1991), cited by Palomba, does not support this contention. *Brady* is distinguishable insofar as there the highest statutory maximum sentence among the charges of conviction was greater than the maximum total punishment corresponding to Brady's combined adjusted offense level. 928 F.2d at 850.

In addition, Palomba's argument contradicts the plain language of U.S.S.G. § 5G1.2(d). Under Section 5G1.2(d):

[i]f the sentence on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects sentences on all counts shall run concurrently, except to the extent otherwise required by law.

The presentence report assigned Palomba a category V criminal history and an offense

level of 19. The district court sentenced Palomba to the top of the corresponding 57–71 month guideline range. All the counts of conviction carried the same statutory maximum sentence, five years. Therefore, after sentencing Palomba to 60 months on one charge, the district court correctly sentenced Palomba to an 11–month sentence, to be served consecutively, on a separate charge in order to "produce a combined sentence equal to the total punishment" of 71 months under U.S.S.G. § 5G1.2(d).

Nevertheless, because this consecutive sentence was imposed on a mail fraud charge vacated herein, the sentencing determination was ultimately improper. Accordingly, we must vacate the sentence and remand for resentencing.

**AFFIRMED IN PART AND VACATED AND REMANDED IN PART.**