**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Dow VANDIVERE,
Defendant–Appellant.**

No. 99–10451.

D.C. No. CR–98–20059–JW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 2001.

Decided July 2, 2001.

Before PREGERSON, FERGUSON, and HAWKINS, Circuit Judges.

MEMORANDUM *

On December 11, 1998, a jury convicted James Vandivere of four counts related to

* This disposition is not appropriate for publication and may not be cited to or by the courts

child pornography, for which he is now serving a 235–month prison sentence. On appeal, Vandivere raises six separate challenges to his conviction and sentence, each of which we reject.

### 1. Ineffective assistance of counsel

Vandivere's two ineffective assistance of counsel challenges both fail because he cannot demonstrate that his lawyer's performance was deficient. *See Strickland v. Washington,* 466 U.S. 668, 691–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As to his first challenge, the record is unclear whether Vandivere's counsel was pursuing a strategy of pushing the government to trial as soon as possible when he did not move to dismiss two charges in the superseding indictment that were filed after the thirty-day deadline imposed by the Speedy Trial Act. 18 U.S.C. § 3161(b). Resolution of this claim is therefore inappropriate on direct appeal. *See United States v. Sager,* 227 F.3d 1138, 1149 (9th Cir.2000) (refusing to consider on direct appeal ineffective assistance of counsel claim based on defense counsel's failure to move to dismiss, pursuant to Speedy Trial Act, certain late-filed counts in a superseding indictment); *cf. United States v. Palomba,* 31 F.3d 1456, 1466 (9th Cir.1994) (holding that counsel rendered ineffective assistance of counsel by failing to dismiss late-filed charges where the record contained no "indicia of tactical reflection by counsel" on the issue of whether to file a motion to dismiss).

■ As to his second ineffectiveness challenge, Vandivere cannot complain that his lawyer failed to object when he was brought to trial more than seventy days after the May 1998 indictment because *his own lawyer* requested continuances to prepare for trial. *See* 18 U.S.C. § 3161(c)(1) (imposing seventy-day limit). Vandivere concedes that his lawyer "may have had legitimate reasons for needing time to prepare [his defense]." In fact, Vandivere's counsel used the continuances to file a lengthy motion to suppress, which arguably represented Vandivere's strongest chance of acquittal. Vandivere simply has not established that his lawyer's performance was deficient in moving for continuances to prepare his defense. In short, Vandivere has not established that he received ineffective assistance of counsel.

### 2. Suppression Motion

■ Vandivere argues that the district court erred in denying his suppression motion. We need not address whether Vandivere has standing to challenge the search of the utility room or his recreational vehicle, because even if he does have standing, he validly consented to the searches. *See Schneckloth v. Bustamonte,* 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Vandivere does not point to specific facts indicating that his consent was involuntary, which is "a question of fact to be determined from the totality of the circumstances." *Id.* at 227, 93 S.Ct. 2041.

The totality of the circumstances tends to support the district court's finding that Vandivere voluntarily consented to the police entering and searching the utility room. Vandivere signed a written consent-to-search form, across which he wrote, "Does not consent to other using computer. Only me." This action suggests that Vandivere was in control of his actions, and that he understood he could refuse consent. *See Orhorhaghe v. INS,* 38 F.3d 488, 496 n. 12 (9th Cir.1994) (noting that "the subject's knowledge of a right to refuse is a factor to be taken into account" in the voluntariness determination) (quoting *Schneckloth,* 412 U.S. at 249,

of this circuit except as may be provided by    Ninth Circuit Rule 36–3.

93 S.Ct. 2041). Vandivere was not under arrest when he consented to the search. *See United States v. Heimforth,* 493 F.2d 970, 971 (9th Cir.1974). Vandivere was fairly sophisticated—he was "articulate," and clearly educated enough to use computers. *See id.* at 972 (sophistication of defendant is one factor to be considered in voluntariness analysis). These facts support a finding of voluntary consent.

### 3. Pro Se Representation

■ Vandivere argues that he did not knowingly and intelligently waive his right to assistance of counsel at trial. We reject this argument because a review of the record establishes that Vandivere's waiver was "unequivocal, as well as voluntary and intelligent," which means that the district court was *compelled* to permit Vandivere to proceed pro se. *United States v. Hernandez,* 203 F.3d 614, 619 (9th Cir.2000) (citations omitted).

### 4. Jury Instructions

Vandivere challenges two different jury instructions, the one given for a violation of 18 U.S.C. § 2251(a), and the one given for a violation of 18 U.S.C. § 2423(a). Vandivere failed to object to the jury instructions below, meaning that they are reviewed for "plain error." *United States v. Matsumaru,* 244 F.3d 1092, 1102 (9th Cir.2001) (citation omitted). Neither jury instruction gives rise to plain error.

■ The 18 U.S.C. § 2251(a) instruction is not confusing, because it clearly indicates to the jury that the defendant must have had the requisite mental state—knowledge that the materials would be mailed in interstate commerce—before the materials were actually mailed. Similarly, the 18 U.S.C. § 2423(a) instruction is not deficient because it clearly requires the jury to find that the defendant formed the idea to engage in sexual relations with a minor before the defendant arrived in the destination state. Moreover, Vandivere has not established that these alleged errors resulted in prejudice.

### 5. Denial of Transcripts

Vandivere filed an untimely motion for a new trial, which the district court appropriately denied. *See United States v. Endicott,* 869 F.2d 452, 457 (9th Cir.1989) (holding that defendants may bring new trial motions outside of the seven day limit set in Federal Rule of Criminal Procedure 33 only if they can point to "newly discovered evidence"). After Vandivere filed his untimely motion, his newly-appointed counsel requested transcripts to help support his new trial motion. The district court also denied the request for transcripts. Given that the district court did not err in denying Vandivere's untimely motion for a new trial, it also did not err in denying his request for transcripts.

### 6. Sentencing

■ Vandivere raises several objections to his 235–month prison sentence, each of which we reject. First, the district court did not err in applying a two-level enhancement to Count One pursuant to U.S.S.G. § 3B1.4 because immediately after Vandivere was arrested, he called his 17–year old daughter and told her to destroy files on his website in order to "make my prosecution here much more difficult." These facts are sufficient to support an enhancement for using a minor to avoid detection for a crime.

■ Second, the district court did not engage in impermissible "double counting" when it applied to Count One an enhancement for both obstruction of justice and for using a minor to avoid detection of a crime. "Double counting" is permissible when "'each invocation of the behavior

serves a unique purpose under the Guidelines.'" *United States v. Syrax*, 235 F.3d 422, 428 (9th Cir.2000) (quoting *United States v. Nagra*, 147 F.3d 875, 883 (9th Cir.1998)). Here, the harm targeted by each enhancement is distinct. In the case of the obstruction of justice enhancement, the purpose is to punish those who destroy material evidence. The purpose of the "using minors" enhancement, in contrast, is to punish people who use minors to commit crimes. Therefore, even though the same conduct served as the basis for two difference enhancements, "each invocation of the behavior serve[d] a unique purpose under the Guidelines," and "double counting" was permissible.

■ Vandivere's final argument is that the district court again engaged in impermissible double counting when it applied both the "using a minor" enhancement and the obstruction of justice enhancement to both Count One and Count Two. Vandivere failed to raise this objection below, so it is reviewed for plain error.

The district court did not err in applying the "using a minor" enhancement to both Count One and Count Two because the enhancements were based on different conduct. For Count One, the court applied the enhancement because Vandivere used his underage daughter to destroy evidence. For Count Two, the court applied the enhancement because Vandivere used an underage boy to entice an underage girl to have sex with the underage boy in front of a hidden camera.

Even if the district court erred in applying the obstruction of justice enhancement to both Count One and Count Two, Vandivere cannot demonstrate prejudice because his sentence would be the same regardless of whether the enhancement applied. Vandivere's "combined offense level" under U.S.S.G. § 3D1.4 would be the same even if his offense level for

Count Two were reduced by two levels (i.e. by the amount of the obstruction of justice enhancement). Therefore, any error was harmless.

## CONCLUSION

None of Vandivere's arguments on appeal has merit. Accordingly, his conviction and sentence are AFFIRMED.