**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Martin MORENO–ROCHA,**
**Defendant—Appellant.**

No. 01–50121.
D.C. No. CR–00–03348–IEG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 9, 2001.

Decided Aug. 20, 2001.

---

**12.** 522 U.S. 422, 118 S.Ct. 838, 139 L.Ed.2d    849 (1998).

Before HALL, MICHEL * and TROTT Circuit Judges.

## MEMORANDUM **

A jury convicted Martin Moreno–Rocha, a citizen of Mexico, of being a previously-deported alien found in the United States, in violation of 8 U.S.C. § 1326. Moreno–Rocha appeals from his conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM.

* The Honorable Paul R. Michel, Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

Appellant's principal argument is that his admissions were improperly used against him at trial. The government used Appellant's inculpatory answers, given after receiving *Miranda* warnings, to questions from Border Patrol Agent Thomas Hendricks. The government did not use Appellant's inculpatory answers to another agent's questioning before the warnings. Appellant claims that his post-warning statements were tainted by his pre-warning answers. The district court refused to suppress, finding that both the pre-warning and post-warning statements were made voluntarily. The court also found that the questioning was not coercive, and did not involve any "improper tactics," as Appellant vaguely alleged.

■ We review the record de novo to examine first the circumstances of the pre-warning statements. Appellant points to no evidence that his pre-warning statements were coerced, or the product of "improper tactics." He points only to the admitted failure to warn. However, "absent deliberately coercive or improper tactics in obtaining the initial statement, the mere fact that a suspect has made an unwarned admission does not warrant a presumption of compulsion." *Oregon v. Elstad,* 470 U.S. 298, 314, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985) ("A subsequent administration of Miranda warnings to a suspect who has given a voluntary but unwarned statement ordinarily should suffice to remove the conditions that precluded admission of the earlier statement."). In our view, Appellant has not shown that his *pre*-warning statements were made involuntarily, or that the Agents employed any "improper tactics." Thus, the *post*-warning statements must be suppressed only if

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

shown to be involuntary. *Id.* at 309, 105 S.Ct. 1285.

Appellant does not claim that the Agents exploited his pre-warning statements to pressure him into waiving his right to remain silent. While Appellant may have felt some psychological need not to ignore his earlier statements, we have not deemed that to establish coercion. *United States v. Wauneka*, 842 F.2d 1083, 1088 (9th Cir.1988) ("Although the *Elstad* Court did not specifically define coercion, it did instruct courts not to consider the psychological impact on a defendant of his pre-warning disclosure in their determinations of the voluntariness of post-warning admissions."). Nor has appellant provided any other evidence that the post-warning statements were coerced. Therefore, we hold that the district court correctly refused to suppress the post-warning statements.

■ Appellant also makes five other arguments. First, he argues that the superseding indictment was filed more than 30 days after his arrest, in violation of the Speedy Trial Act, 18 U.S.C. § 3162(a)(1). The government proceeded at trial only on the "found in" charge, which was contained in both the original indictment and the superseding indictment. Because the original indictment was filed within 30 days of arrest, there was no violation of the Speedy Trial Act as to the "found in" charge. *See United States v. Palomba*, 31 F.3d 1456, 1466 (9th Cir.1994) (reversing conviction on charges contained only in late superseding indictment, but remanding for resentencing based upon conviction on charge contained in both the timely original indictment and the superseding indictment).

■ Second, Appellant argues that the indictment was defective for failure to specifically charge that his re-entry was voluntary. But, our court has held that an indictment charging an offense under § 1326 need not specifically allege voluntary re-entry. *United States v. Parga–Rosas*, 238 F.3d 1209, 1214 (9th Cir.2001).

■ Third, Appellant asserts that the district court erroneously excluded the complaint and testimony by its author, Agent Arturo Reynaga. Statements in the complaint contradicted the testimony of Agent Ledgerwood as to whether Appellant had re-entered the United States prior to Ledgerwood's spotting him, as required for violation of § 1326 under the "found in" offense. The district court deemed the complaint hearsay, but allowed Appellant to recall Agent Ledgerwood in order to impeach his earlier testimony using the complaint to show prior inconsistent statements. Even assuming, *arguendo*, that the trial court's exclusion of the complaint was an abuse of discretion, the Appellant was not prejudiced because the court allowed him to confront Ledgerwood with the statements. Further, because Appellant stated to the court that his sole purpose in calling Agent Reynaga was for him to read the complaint to the jury, the exclusion of such testimony cannot be erroneous. Certainly, it was not an abuse of discretion and, in any event, even if error, was harmless.

■ Fourth, Appellant argues that the jury instructions omitted two elements of the offense. First, the instructions failed to state that the presence in the United States must be voluntary. Appellant, however, provided no evidence of involuntary re-entry. Thus, because it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error," *United States v. Gracidas–Ulibarry*, 231 F.3d 1188, 1197 (9th Cir.2000) (en banc), any error was harmless. Second, the jury instructions also stated that "defendant [must have been]

found in the United States without the consent of the Immigration and Naturalization Service." Appellant notes that § 1326 cannot be violated if "the Attorney General has expressly consented to such alien's reapplying for admission." The jury instruction, however, while not quoting the exact language of the statute, adequately states the element of the offense as stated by this court in *Gracidas–Ulibarry*, 231 F.3d at 1196.

Finally, Appellant argues that the district court should have suppressed a document the government produced on the eve of trial. Because the tardiness did not prejudice Appellant in any way, the trial court's decision does not constitute an abuse of discretion.

AFFIRMED.