MEMORANDUM *
Keith O’Neil Perry (“Perry”), a physician, appeals his conviction in the Central *483 District of California on thirty-nine counts of mail fraud, wire fraud, defrauding a bankruptcy receivership, and making false statements. He contends that he was denied the effective assistance of counsel because of two conflicts of interest involving his trial lawyer, Anthony Brooklier, and because his successive lawyers failed to challenge his indictment based on the Speedy Trial Act. He also claims that there is insufficient evidence to support his convictions.
Exercising jurisdiction over this appeal under 28 U.S.C. § 1291, we affirm the judgment of the district court. We do not recite the factual background and procedural history of the case except as necessary, because they are known to the parties.
1. Conflicts of Interest
Claims of ineffective assistance of counsel are generally inappropriate on direct review, but may be reviewed where, as here, the record on appeal is sufficiently developed to permit determination of the issue. United States v. Ross, 206 F.3d 896, 900 (9th Cir.2000). The Sixth Amendment right to counsel includes a correlative right to representation free from conflicts of interest. Wood v. Georgia, 450 U.S. 261, 271, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981). To obtain relief under the Sixth Amendment, a defendant who does not object to a potential conflict of interest at trial must show that “an actual conflict of interest adversely affected his lawyer’s performance.” Cuyler v. Sullivan, 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).
Perry contends that two conflicts of interest involving trial attorney Anthony Brooklier deprived him of effective assistance of counsel. First, Perry argues that Brooklier’s prosecution for tax evasion by the same U.S. Attorney’s office that prosecuted Perry created a conflict of interest that adversely affected Brooklier’s performance. He claims that Brooklier requested a continuance of the November 16, 1999 trial date because he was serving an eight-month term of confinement in a community corrections center on the original trial date. Nothing in the record, however, establishes that Brooklier’s alleged confinement, or any other aspect of his own criminal case, motivated his request for a continuance. Moreover, even if Brooklier requested a continuance because of his confinement, that request would not amount to an “adverse effect”: the three-month delay did not hinder Perry’s defense, and Perry, who was free on bail, consented to the extension.
We are equally unconvinced by Perry’s second claim of conflict of interest stemming from Brooklier’s prior representation of Gene Woods, an unindieted co-conspirator in Perry’s original indictment and a potential witness in the case. In cases of successive representation, “conflicts of interest may arise if the cases are substantially related or if the attorney reveals privileged communications of the former client or otherwise divides his loyalties.” United States v. Shwayder, 312 F.3d 1109, 1118 (9th Cir.2002) (quoting Fitzpatrick v. McCormick, 869 F.2d 1247, 1252 (9th Cir.1989)).
Brooklier’s prior representation of Woods does not amount to a conflict of interest. Although Woods was named as an unindicted co-conspirator in Perry’s original indictment for his role in a home health care fraud, Brooklier had represented Woods in an unrelated drug ease and had not discussed home health care with Woods. Moreover, the sole count of Per *484 ry’s indictment to address home health care fraud was dismissed on the government’s motion more than eight months before Brooklier substituted into the case as Perry’s attorney. No evidence of home health care fraud, or testimony from Woods, was presented at trial. In addition, while the government included information on Perry’s participation in home health care fraud in its pre-sentence report, Brooklier had been relieved of his representation well before the sentencing hearing. Thus, this conflict of interest claim likewise fails.
2. Ineffective Assistance of Counsel Based on Speedy Trial Act
Perry contends that his successive lawyers’ failures to file a motion to dismiss the indictment for Speedy Trial Act (“STA”) violations amounts to ineffective assistance of counsel. A defendant claiming ineffective assistance of counsel must show both that his or her attorney performed deficiently (such that identified acts or omissions were “outside the wide range of professionally competent assistance”), and that such performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Perry fails to show that his attorneys performed deficiently.
Perry claims that the district court erred in granting a continuance to his counsel on June 1, 1998, without making a detailed inquiry of the parties or findings required under the STA. Consequently, he argues, his various lawyers were delinquent in not moving to dismiss the indictment. Even if the district court improperly followed STA procedures, however, Perry’s counsel reasonably may have decided not to challenge the indictment because of any of several strategic considerations. First, defense counsel reasonably may have believed that a challenge to the indictment would have failed, in light of numerous Ninth Circuit cases rejecting STA challenges where, as here, the defendant stipulated to factual findings in support of a continuance. See, e.g., United States v. Palomba, 31 F.3d 1456, 1462 (9th Cir.1994). Second, Perry’s counsel may have surmised that even if the indictment were dismissed, the dismissal would most likely have been granted without prejudice, enabling the government to re-indict Perry on most of the original counts. Third, defense counsel may have reasoned that a challenge to the indictment would appear to be in bad faith since Perry’s own counsel had requested the continuances and since Perry had consented to them in signed stipulations. Given these plausible reasons for not moving to dismiss the indictment, defense counsel did not perform deficiently.
3. Sufficiency of the Evidence
Lastly, Perry charges that the evidence was insufficient to support his convictions. We review claims of insufficient evidence de novo. United States v. Odom, 329 F.3d 1032, 1034 (9th Cir.2003). There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the government, we find that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. Most of Perry’s vague challenges to the evidence concern the reliability of particular witnesses. However, where a jury is informed of possible challenges to a -witness’s credibility and still believes the witness, an appeals court should not overturn the jury’s credibility determination. United States v. Leung, 35 F.3d 1402, 1405 (9th Cir.1994). Furthermore, a conviction may be based on the uncorroborated testimony of an accomplice, so long as the testimony is not “incredible or unsubstantial on its face.” *485 Lyda v. United States, 321 F.2d 788, 794-95 (9th Cir.1963). As a rational jury could have found the essential elements of the crime beyond a reasonable doubt, sufficient evidence supports the convictions.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts *483 of this circuit except as provided by Ninth Circuit Rule 36-3.