MEMORANDUM **
Johnathon Roberts appeals from his conviction for conspiracy to kidnap, kidnapping, and carrying a firearm during a crime of violence. Roberts argues the district court erred in denying his motion to dismiss the indictment based upon an alleged Speedy Trial Act violation and an alleged violation of his Sixth Amendment right to a speedy trial. Roberts also argues the district court erred in denying his motion to suppress an incriminating video found on a cell phone that was seized during a warrantless search of Roberts’ vehicle. Finally, Roberts contends that it was plain error for the district court to fail to correct statements made by the prosecutor during his summation, which could have been interpreted by jurors to mean that Roberts was not entitled to a presumption of innocence. We affirm.
A district court’s decisions on both a Speedy Trial Act claim and a Sixth Amendment speedy trial right claim are reviewed de novo. United States v. Sutcliffe, 505 F.3d 944, 956 (9th Cir.2007). The district court’s underlying factual findings are reviewed for clear error. Id.
Although 467 days elapsed between the filing of the first indictment on May 11, 2005, and the trial on August 21, 2005, the vast majority of those days were excluded from the Speedy Trial Act by agreement of the parties for reasons such as the complexity of the case, multiple defendants, ongoing plea negotiations with a co-defendant, allowing the parties to conduct further investigation, engage in discovery and trial preparation, or a defendant’s retention of new counsel. Thus, only 63 of the 70 allowable days under the Speedy Trial Act elapsed, and no Speedy Trial Act violation occurred. See 18 U.S.C. §§ 3161(c)(1) and (h)(7)(A); see also United States v. Shetty, 130 F.3d 1324, 1330 (9th Cir.1997); United States v. Palomba, 31 F.3d 1456, 1462 (9th Cir.1994).
In analyzing a Sixth Amendment claim, the court must apply a balancing test involving the following four factors: (1) length of delay, (2) reason for the delay, (3) the defendant’s assertion of his right, and (4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). No individual factor supports a finding that the speedy trial right has been violated. United States v. Mendoza, 530 F.3d 758, 762 (9th Cir.2008).
Balancing these factors, no Sixth Amendment speedy trial violation occurred. Although the delay of 15 months for the case to come to trial creates a presumption of prejudice, see id., the other three factors weigh in favor of finding no violation. Specifically, the Government was not the sole cause of the delay. Instead, the delay was also attributable to defendants’ trial preparation time, code-fendants changing their pleas, and Roberts’ dismissal of his attorney. Roberts waited thirteen months before asserting his right to a speedy trial and in the interim he consented to almost all of the continuances. Finally, there is no evidence in the record that Roberts’s pretrial incarceration was particularly oppressive, *578 caused anxiety or concern, or resulted in the loss of evidence.
Roberts next argues that the video from the cell phone should have been suppressed because there was no warrant to search the cell phone and it was searched more than one month after it was seized from the warrantless search of the vehicle. The Government contends that Roberts waived this argument because he did not raise it to the district court.
Although we agree with Roberts that his argument is not waived, see United States v. Pallares-Galan, 359 F.3d 1088, 1095 (9th Cir.2004), we do not reach the merits of the argument because any eiTor in admitting the video from the cell phone was harmless error. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
The alleged error with respect to the prosecutor’s statements during his summation is reviewed for plain error because Roberts made no objection at trial to the statements. United States v. Tarazon, 989 F.2d 1045, 1051 (9th Cir.1993). “Reversal based on plain error is exceptional and occurs only when necessary to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process.” Id.
Although the prosecutor’s statements were inappropriate and confusing, they did not result in a miscarriage of justice or constitute an affront to the integrity of the judicial process. See id. at 1053. In addition, the prosecutor began the closing argument by reminding the jury that what attorneys say is not evidence or the law. When viewed in the context of the entire trial, the statements were not so egregious as to prejudice the jury or warrant reversal. See id. at 1053 (one ambiguous comment by a prosecutor does not require reversal).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.