**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50463 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00546-BEN-2 |
| v. | |
| ARTURO MORENO, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted August 31, 2010
Pasadena, California

Before: O'SCANNLAIN, GOULD and M. SMITH, Circuit Judges.

Arturo Moreno, Jr., appeals his jury convictions for bringing illegal aliens to

the United States for private financial gain, and for aiding and abetting the same.

*See* 8 U.S.C. § 1324(a)(2)(B)(ii); 18 U.S.C. § 2.  He also appeals his jury

convictions for transporting illegal aliens within the United States, for aiding and

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

abetting the same, and for conspiracy to bring illegal aliens to the United States for private financial gain. *See* 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(A)(v)(II), (a)(2)(B)(ii); 18 U.S.C. § 371. We have jurisdiction under 28 U.S.C. § 1291. Because the facts are known to the parties, we repeat them here only as necessary.

Moreno argues that the district court erred by not dismissing the indictment because of two alleged Speedy Trial Act violations. *See* 18 U.S.C. §§ 3161–3174. We conclude that no violation occurred. "A charge contained in a superseding indictment which was not included in the original complaint does not violate the Speedy Trial Act." *United States v. Gastelum-Almeida*, 298 F.3d 1167, 1173 (9th Cir. 2002). Moreno's reliance on *Palomba* is unpersuasive because the charged offenses are punishable under different statutes. *See United States v. Palomba*, 31 F.3d 1456, 1464 (9th Cir. 1994). Furthermore, Moreno is bound by the April 18 motion requested by co-defendant Ortiz in which Moreno expressly joined, thereby tolling the clock. The district court's decision not to dismiss the indictment was not error.

Moreno also contends that the grand jury was improperly instructed not to consider punishment when determining whether to indict and that the district court erred in failing to dismiss the indictment. This issue is moot because the

indictment in question was dismissed and Moreno was convicted on the basis of a superseding indictment. *See Gastelum-Almeida*, 298 F.3d at 1173.

Moreno next argues that the district court erred by failing to order that a psychiatric report be disclosed to him in its entirety. This decision was not clear error. *See United States v. Shryock*, 342 F.3d 948, 983 (9th Cir. 2003). We have reviewed the psychiatric report and we conclude that the undisclosed portions were not relevant exculpatory or impeachment material and were not otherwise favorable to Moreno.

Moreno finally argues that the district court erred when it denied his motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. We disagree. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

**AFFIRMED.**