FILED
United States Court of Appeals
Tenth Circuit

December 4, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RANDON TAMAR SALLIS,
a/k/a Mr. "T,"

Defendant-Appellant.

No. 09-7036
(D.C. No. 6:06-CR-00007-RAW-2)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before **HARTZ**, **SEYMOUR** and **EBEL**, Circuit Judges.

Randon Tamar Sallis was convicted on eleven criminal counts and

sentenced to 360 months imprisonment. We affirmed. *United States v. Sallis*,

533 F.3d 1218, 1220-22 (10th Cir. 2008).[1] He subsequently moved the district

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with 10th Cir. R. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Sallis was convicted of conspiracy to distribute methamphetamine, cocaine, and marijuana; possession of methamphetamine with intent to distribute; two counts of possession of marijuana with intent to distribute; possession of cocaine with intent to distribute; falsifying a government form in the acquisition

court, *pro se*, for a reduction in his sentence under 18 U.S.C. § 3582(c)(2),[2]

arguing that he was entitled to one pursuant to Amendment 706 to the Sentencing

Guidelines. Although we disagree with the district court's analysis, we affirm its

conclusion denying a reduction in Mr. Sallis' sentence.

Amendment 706 generally permits a two-level reduction in the base-offense

level set out in U.S.S.G. § 2D1.1(c) for crack cocaine offenses. *See* U.S.S.G.

App. C, Amend. 706 (2007). The government opposed Mr. Sallis' motion for a

reduction, contending "[t]he current guideline range without the inclusion of any

cocaine base is the same as it has always been, and therefore a reduction in

sentence would not be appropriate." Resp. Br. at 2. The Probation Office filed

an addendum to the Presentence Report in support of the government's position,

directing the court to U.S.S.G. § 2D1.1 Application Note 10(D)(ii)(II), which

---

of a firearm; receiving a firearm while charged by way of information; possession of Xanax with intent to distribute; and three counts of possession of ecstacy with intent to distribute; and three counts of criminal forfeiture. *Sallis*, 533 F.3d at 220-22.

[2] Section 3582(c)(2) provides:

The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

states that "the two (2) level reduction shall not apply in a case in which the two (2) level reduction results in a combined offense level that is less than the combined offense level that would apply if the offense involved only the other controlled substances (*i.e.*, the controlled substances other than crack cocaine.)." Rec. vol. I, at 317 ("Addendum").

The district court, without addressing the government's response or the probation office's addendum, granted a two-level reduction to Mr. Sallis but denied his motion to reduce his sentence, reasoning:

> The sentence originally imposed in this case falls within the amended advisory guideline range. At the time of the original sentencing the Court found that the sentence was reasonable for this defendant and the crimes for which he had been convicted. The Court also noted for the record that this is the same sentence the Court would have imposed if given the broadest possible discretion, and the same sentence the Court would impose notwithstanding any judicial fact-finding occurring by adoption of the Presentence Report or during the sentencing hearing.

Dist. Ct. Mar. 31 2009 Order Regarding Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) at 1.

Mr. Sallis appeals, contending the district court erred when it "declined to impose the lower end of the new applicable range" Aplt. Br. at 2. We review *de novo* the district court's legal conclusions pertaining to calculation of the recommended guidelines range. *See United States v. Todd*, 515 F.3d 1128, 1135 (10th Cir. 2008). We note, however, that a court may not modify a term of imprisonment without specific authority. 18 U.S.C. § 3582(c)(2).

Pursuant to 28 U.S.C. § 994(o), the United States Sentencing Commission possesses the authority to amend the sentencing guidelines and to provide that any amendment has retroactive effect.  Under 18 U.S.C. § 3582, a defendant may seek the benefit of such an amendment through a motion to modify his sentence. Under the guidelines, a court "may reduce the defendant's term of imprisonment," pursuant to 18 U.S.C. § 3582(c), "when the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (c) below."  U.S.S.G. § 1B1.10(a)(1). Amendment 706 is listed in subsection (c) and provides that a defendant is generally entitled to a two-level reduction in his base-offense level, subject to some exceptions.  Application Note 10(D)(ii)(II)(ii) to § 2D1.1 articulates the following exception:

> The 2-level reduction . . . shall not apply in a case in which:
> . . . .
> (II) the 2-level reduction results in a combined offense level that is less than the combined offense level that would apply under subdivision (B) of this note if the offense involved only the other controlled substance(s) (i.e., the controlled substance(s) other than cocaine base).

In other words, Mr. Sallis is not entitled to the reduction if it would result in a lower offense level than the offense level recalculated under the drug equivalency table for the non-crack cocaine substances for which he was convicted, *i.e.*, without the crack cocaine included.

The original guideline computation for the marijuana equivalent of the

various drugs involved in Mr. Sallis' case (including the crack-cocaine) was 16,794.56993 kilograms, resulting in the base-offense level of 36. As the probation office's Addendum notes, "the total marijuana equivalent of all other [non-crack] drugs involved in this case would be 16,606.569 kilograms of marijuana, which still results in a base offense level of 36." Rec. vol. 1, at 317; s*ee also* U.S.S.G. § 2D1.1. Thus, removing the small amount of crack cocaine that was included in his original sentence results in no alteration in Mr. Sallis's original guideline range. The district court was precluded from granting the two-level reduction because doing so resulted in a combined offense level lower than the combined offense level calculated without the crack cocaine, contrary to § 2D1.1 app. n. 10(D)ii(II). Giving Mr. Sallis the two-level reduction under these circumstances would give him a benefit that Amendment 706 does not authorize.

Although the district court's grant of a two-level reduction in Mr. Sallis' offense level was error, that error was harmless because the court declined thereafter to reduce Mr. Sallis' sentence. *See United States v. Todd*, 515 F.3d 1128, 1139 (10th Cir. 2008) ("We may affirm a sentence resulting from an incorrect Guidelines calculation only if we are able to say that the error was harmless."). Accordingly, we **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-5-