**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

    v.

RANDON TAMAR SALLIS,

      Defendant - Appellant.

No. 10-7054
(E.D. Oklahoma)
(D.C. Nos. 6:09-CV-00378-RAW
& 6:06-CR-00007-RAW-2)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **MURPHY**, **GORSUCH,** and **HOLMES**, Circuit Judges.

---

Proceeding *pro se*, Randon Tamar Sallis seeks to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The matter is before this court on Sallis's request for a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B) (providing no appeal may be taken from a "final order in a proceeding under section 2255" unless the movant first obtains a COA). Because Sallis has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2). Sallis's request to proceed *in forma pauperis* on appeal is **granted**.

A federal jury found Sallis guilty of multiple drug and firearms counts charged in a superseding indictment filed on February 15, 2006. *United States v. Sallis*, 533 F.3d 1218, 1220, 1220 n.1 (10th Cir. 2008). On direct appeal, this court resolved Sallis's challenge to two sentencing enhancements and affirmed his sentence. *Id*. at 1225-26. The denial of Sallis's subsequent request for a sentence reduction under 18 U.S.C. § 3582(c)(2) was affirmed on appeal. *United States v. Sallis*, 354 F. App'x 379, 382 (10th Cir. 2009).

Sallis filed the instant § 2255 motion on October 1, 2009, raising eight claims for relief including six claims of ineffective assistance of counsel, a *Crawford* claim, and a challenge to the constitutionality of minimum mandatory sentences. The district court addressed each of Sallis's claims of ineffective assistance of trial counsel individually. Applying the two-part test set out in *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984), the court concluded Sallis was not entitled to relief on five of his ineffective assistance claims because he was either unable to demonstrate his counsel's performance was deficient or failed to show he suffered any prejudice from the alleged deficient performance. The court, however, granted relief on Sallis's ineffective assistance claim relating to his assertion the sentence he received for the Count 2 conviction exceeded the statutory maximum. The district court, accordingly, resentenced Sallis to a twenty-year term of incarceration as to that count.

-2-

The district court next concluded Sallis was not entitled to habeas relief on his claim that mandatory minimum sentences are unconstitutional because the claim should have been raised on direct appeal and Sallis failed to show cause and prejudice excusing the procedural default. *See United States v. Gurule*, 461 F.3d 1238, 1246 (10th Cir. 2006) ("Congress has the power . . . to determine punishments, and in the exercise of that power Congress may choose to give the judicial branch no sentencing discretion whatsoever."); *see also United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) ("A meritorious claim of ineffective assistance of counsel constitutes cause and prejudice for purposes of surmounting the procedural bar."). The court denied the *Crawford* claim on the merits.

Sallis seeks a COA on five of the issues addressed by the district court: (1) trial counsel was ineffective for failing to seek dismissal of the charges in the criminal complaint based on a violation of the Speedy Trial Act, (2) mandatory minimum sentences violate the separation of powers doctrine, (3) because of a difference in drug quantities charged, trial counsel was ineffective for failing to seek either dismissal of the conspiracy charge or a reduced sentence, (4) trial counsel was ineffective for not seeking dismissal of Count 2 and Count 3 because the indictment failed to charge him with aiding and abetting and the district court failed to instruct the jury on aiding and abetting, and (5) trial counsel was ineffective for failing to challenge the drug quantities used for sentencing purposes. To be entitled to a COA, Sallis must make "a substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Sallis has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Sallis need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Sallis's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes Sallis is not entitled to a COA on any of his claims. The district court's resolution of Sallis's claims is not reasonably subject to debate and the issues he seeks to raise on appeal relating to those claims are not adequate to deserve further proceedings. In particular, we note that Sallis has consistently failed to demonstrate prejudice by showing that even if the charges in the criminal complaint had been dismissed based on a violation of 18 U.S.C. § 3161(b), the government would have been precluded from refiling them, either because the district court would have

-4-

dismissed them with prejudice under 18 U.S.C. § 3162(a)(1) or because of a statutory bar to their refiling. Further, the basis for Sallis's fifth argument—that his properly calculated advisory guidelines range is 235-293 months—is fatally undermined by this court's conclusion that the district court erred by granting a two-level reduction in his offense level when it considered his § 3582(c)(2) motion. *Sallis*, 354 F. App'x at 282.

Sallis's application for a COA is **denied** and his appeal is **dismissed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge