HOLMES, Circuit Judge,
concurring.
Although I concur in the outcome, I write separately because I believe this matter should have been resolved under the second prong of Strickland, rather than the first.
As the majority opinion explains, to make out a claim of ineffective assistance of counsel, Mr. Rushin “must show that (1) his counsel’s performance was constitutionally deficient, and (2) counsel’s deficient performance was prejudicial.” United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). In applying the two-part Strickland test, however, it is well-settled that we “may address the performance and prejudice components in any order, [and] need not address both if [petitioner] fails to make a sufficient showing of one.” Boltz v. Mullin, 415 F.3d 1215, 1222 (10th Cir.2005) (second alteration in origi *1311 nal) (quoting Cooks v. Ward, 165 F.3d 1283, 1292-93 (10th Cir.1998)) (internal quotation marks omitted). In other words, a reviewing court may, if it appears to be the more sensible course of action, “proceed directly to the prejudice prong of the Strickland analysis.” United States v. Gonzalez, 596 F.3d 1228, 1233 (10th Cir.), cert. denied, — U.S. -, 131 S.Ct. 172, 178 L.Ed.2d 102 (2010).
Contrary to the majority’s conclusion, I am not wholly persuaded that trial counsel’s performance may be considered reasonable under the circumstances. It is at least arguable, in my opinion, that counsel’s failure to file a motion to dismiss “fell below an objective standard of reasonableness.” Strickland, 466 U.S. at 688, 104 S.Ct. 2052. Therefore, I think it more prudent to leave the performance question unanswered and to resolve this case under the prejudice prong.
I. Deficient Performance
In evaluating whether counsel’s performance was deficient, we often “look to the merits of the omitted issue.” Miller v. Mullin, 354 F.3d 1288, 1298 (10th Cir. 2004) (quoting Gargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir.2003)) (internal quotation marks omitted). If the motion underlying the ineffective-assistance claim — in this case, a motion to dismiss under the Speedy Trial Act (“STA”), 18 U.S.C. §§ 3161-74 — -would have been meritless, then counsel’s performance cannot be said to be deficient because “[cjounsel is not required by the Sixth Amendment to file meritless motions.” United States v. Gibson, 55 F.3d 173, 179 (5th Cir.1995).
As the majority notes, the government concedes that the STA was violated in this case, and a violation of the Act results in mandatory dismissal of the indictment. Accordingly, a motion filed by Mr. Rush-in’s counsel would not have been meritless because it would have resulted in dismissal of the charges filed against Mr. Rushin, either with or without prejudice. See 18 U.S.C. § 3162(a)(2) (providing that “[i]f a defendant is not brought to trial within the [seventy-day] time limit ..., the information or indictment shall be dismissed on motion of the defendant ... with or without prejudice” (emphasis added)). Therefore, counsel’s failure to file such a speedy-trial motion at least arguably falls below an objective standard of reasonableness. See, e.g., United States v. Palomba, 31 F.3d 1456, 1464 (9th Cir.1994) (concluding that defense counsel’s performance was deficient when he failed to file a meritorious motion to dismiss charges under § 3161(c) of the STA).
Furthermore, it is difficult to justify counsel’s omission as “sound trial strategy,” Welch v. Workman, 639 F.3d 980, 1010 (10th Cir.2011) (quoting Strickland, 466 U.S. at 689, 104 S.Ct. 2052), as there was no apparent benefit to be gained from failing to move for dismissal. On the contrary, there was benefit to lose, because failing to file the motion would deprive Mr. Rushin of a dismissal. Even had the dismissal been without prejudice, there is still the possibility that Mr. Rushin would have received some benefit. “Dismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds.” United States v. Taylor, 487 U.S. 326, 342, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988). “Given the burdens borne by the prosecution and the effect of delay on the Government’s ability to meet those burdens, substantial delay well may make reprosecution, even if permitted, unlikely.” Id. More recently, the Supreme Court noted that “even if a case is dismissed without prejudice, a defendant may derive some *1312 benefit. For example, the time and energy that the prosecution must expend in connection with obtaining a new indictment may be time and energy that the prosecution cannot devote to the preparation of its case.” Zedner v. United States, 547 U.S. 489, 503 n. 5, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006). Accordingly, because it is at least debatable whether trial counsel provided constitutionally deficient assistance when counsel failed to move to dismiss the indictment under the STA, and because it is clear that Mr. Rushin cannot satisfy the prejudice (i.e., second) prong of Strickland, as discussed infra, I find it more prudent to refrain from passing judgment under the performance (i.e., first) prong of Strickland.
II. Prejudice
Mr. Rushin’s ineffective-assistance claim definitively fails under the second prong of Strickland because he cannot demonstrate that he was sufficiently prejudiced by counsel’s failure to seek dismissal. In order to satisfy the “prejudice” prong, Mr. Rushin “must show that there is a reasonable probability that, but for counsel’s [failure to move for dismissal], the result of the proceeding would have been different.” Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
Mr. Rushin argues that the result of the proceeding would have been different “[b]ecause the district court would have had no choice but to dismiss, [and] Mr. Rushin would neither have pled to, nor [have] been convicted on, the indictment that is the subject of this proceeding.” Aplt.’s Supp. Opening Br. at 35. That is, he argues that regardless of whether the ultimate result would have been the same (i.e., irrespective of whether he would have been re-indicted and re-convicted), the result as to the particular indictment at issue would have been different simply because it would have been dismissed. However, I fully agree with the majority opinion’s conclusion that “we do not confine our reading of the term ‘proceeding’ in [this context] to those court processes related to a particular indictment.” Majority Op. at 1309 (emphasis added). In line with the majority, I agree that we look to whether there is a reasonable probability that the ultimate result of the criminal proceedings against Mr. Rushin would have been different.
Mr. Rushin also advances another reason for why events could have “unfolded” differently had his counsel filed a speedy-trial motion: “Mr. Rushin could, for example, have gained newfound confidence in counsel’s legal acumen and decided to heed counsel’s advice and accept a plea bargain.” Aplt.’s Reply Br. at 4-5 (emphasis added). Anything is possible, I suppose. However, as the majority notes, Mr. Rush-in has not supported such “abstract claims” with anything passing as proof. Majority Op. at 1308 (noting that “absent some testimony or offer of proof ... such abstract claims do not persuade us”). Accordingly, these claims cannot warrant a conclusion of prejudice.
Significantly, courts that have assessed whether counsel rendered ineffective assistance by failing to move to dismiss under the STA have indicated that a defendant cannot establish prejudice simply by showing that the STA was violated or by showing that the district court likely would have dismissed without prejudice. More specifically, as those courts have indicated, in order to satisfy Strickland’s second prong in this context, Mr. Rushin must show that the government would have been precluded from refiling the charges, either because the dismissal would have been with prejudice or because the applicable statute-of-limitations period would have elapsed. See Campbell v. United *1313 States, 364 F.3d 727, 730-31 (6th Cir.2004) (holding that petitioner failed to demonstrate prejudice under Strickland because he had not demonstrated that the STA violation would have led to a dismissal with prejudice); Harvey v. United States, 850 F.2d 388, 402 (8th Cir.1988) (finding no prejudice where defendants “concede[d] ... that the only advantage of such a motion would have been that it would have forced the government to reindict them”); see also United States v. Sallis, 404 Fed. Appx. 331, 333 (10th Cir.2010) (requiring a showing, under the second prong of Strickland, that “the government would have been precluded from refiling [the charges], either because the district court would have dismissed them with prejudice under 18 U.S.C. § 3162(a)(1) or because of a statutory bar to their refiling”).
A. Dismissal With Prejudice
Mr. Rushin has not shown that the district court likely would have dismissed with prejudice. As stated above, if the STA is violated, the trial court is statutorily required to dismiss the case. 18 U.S.C. § 3162(a)(1). Although “dismissal of the indictment is mandatory, the district court retains discretion to determine whether the indictment is dismissed with or without prejudice.” United States v. Cano-Silva, 402 F.3d 1031, 1034 (10th Cir.2005). We have held that “[t]he fact that a violation [of the STA] has taken place is not alone sufficient for the application of the more severe sanction of dismissal with prejudice, which should be reserved for more egregious violations.” Id. at 1035. In determining whether to dismiss the case with or without prejudice, § 3162(a)(2) of the STA requires the district court to “consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.” United States v. Abdush-Shakur, 465 F.3d 458, 462 (10th Cir.2006) (quoting 18 U.S.C. § 3162(a)(2)). “Prejudice to the defendant is among the ‘other’ factors the text of § 3162 directs the district court to consider.” Id. (citing Taylor, 487 U.S. at 334, 108 S.Ct. 2413).
Mr. Rushin was charged with committing multiple serious offenses. The charges against him included six counts of interfering with commerce by robbery in violation of the Hobbs Act, one count of brandishing a firearm during a robbery, one count of being a felon in possession of a firearm, and five counts of carrying a firearm during a crime of violence. We have previously indicated that charges of this precise nature are “extremely serious,” United States v. Jones, 213 F.3d 1253, 1255 (10th Cir.2000), and when “the court determines the offense committed by the defendant is serious, this factor weighs in favor of dismissing without prejudice,” United States v. Saltzman, 984 F.2d 1087, 1092-93 (10th Cir.1993). Accordingly, the first factor weighs in favor of dismissal without prejudice here.
The facts and circumstances of the case also weigh in favor of dismissal without prejudice. In evaluating the “facts and circumstances leading to the dismissal, the court ... focus[es] ‘on the culpability of the delay-producing conduct.’ ” Id. at 1093 (quoting United States v. Hastings, 847 F.2d 920, 925 (1st Cir.1988)). “[W]e have explained that where the delay in bringing the case to trial is the result of intentional dilatory conduct, or a pattern of neglect on the part of the Government, dismissal with prejudice is the appropriate remedy.” United States v. Williams, 576 F.3d 1149, 1158 (10th Cir.2009), cert. denied, — U.S. -, 130 S.Ct. 1307, 175 L.Ed.2d 1092 (2010). In this instance, however, there is no evidence that the government acted in *1314 bad faith or exhibited a pattern of neglectful or dilatory behavior, nor does Mr. Rushin assert that any such evidence exists.
Whether the defendant was “partially responsible for the delay” should also be taken into consideration. Id. In this instance, Mr. Rushin was undoubtedly responsible for a good portion of the delay in that he requested three of the continuances and acquiesced to the others. Furthermore, “a defendant that lets the time run without asserting his rights under the Act has less of a claim to a dismissal with prejudice than a defendant who makes a timely assertion, but is unheeded.” Jones, 213 F.3d at 1257. Mr. Rushin never asserted his rights under the Act before the trial court — either personally or through counsel. In light of the foregoing, this second factor weighs in favor of dismissal without prejudice in this case.
In evaluating the third factor, “whether a dismissal with or without prejudice serves the administration of the Speedy Trial Act and of justice, a court should consider, among other factors, whether the delay caused by the Government was intentional.” Williams, 576 F.3d at 1159. As noted, Mr. Rushin does not assert that the government acted in bad faith or engaged in intentional dilatory behavior, so this factor also weighs in favor of dismissing the indictment without prejudice.
As for the additional factor of prejudice to the defendant, Mr. Rushin has not shown that he was prejudiced by the delay. “[T]he defendant has a burden under the [STA] to show specific prejudice other than that occasioned by the original filing.” Saltzman, 984 F.2d at 1094. “[T]he fact [that] the defendant was subsequently found guilty does not qualify as the type of prejudice relevant to the analysis under § 3162.” Abdushr-Shakur, 465 F.3d at 464. Where a defendant shows, due to the passage of time, that he has lost a crucial witness or that his ability to present his defense at trial has otherwise been impaired, a court would be more likely to find prejudice. See, e.g., id. (listing loss of a crucial witness as a potential form of prejudice). However, Mr. Rushin has made no showing concerning lost witnesses or harm to his defense.
To be sure, Mr. Rushin was incarcerated during the period of unauthorized delay and presumably experienced the typical burdens associated with being housed in a penal setting. However, this is not enough to warrant a dismissal with prejudice, especially in light of the fact that the other factors weigh in favor of dismissal without prejudice. See Saltzman, 984 F.2d at 1094 (“[Prejudice to the defendant should not be the dispositive factor.”). We have held that a delay of as long as 414 non-excludable days — which is undeniably a greater delay than is present in this case — did not warrant dismissal with prejudice when the other factors weighed in favor of dismissal without prejudice. See Jones, 213 F.3d at 1258. Mr. Rushin has not shown that he was prejudiced by the delay.
Accordingly, Mr. Rushin has not demonstrated a reasonable probability that the district court would have dismissed the indictment with prejudice.
B. Statute of Limitations
Furthermore, there is no indication in the record that the government otherwise would have been barred from re-indicting Mr. Rushin. In particular, the record does not indicate that the statute of limitations would have barred any subsequent prosecution of Mr. Rushin. In his briefing, Mr. Rushin did not make such an assertion. Indeed, he appeared to concede that he could have been re-prosecuted had the court dismissed the indictment without prejudice. See Aplt.’s Supp. Opening Br. *1315 at 33 (noting that “[t]he worst that could have happened [in this case] is the district court’s dismissing of the charges without prejudice, leaving the government free to attempt to obtain a new indictment”). At oral argument, moreover, both Mr. Rushin and the government expressed the belief that Mr. Rushin could have been re-prosecuted.
In sum, because Mr. Rushin cannot establish that the government would have been precluded from refiling the charges— either because the dismissal would have been with prejudice or because the applicable statute-of-limitations period would have expired — he cannot satisfy the second, prejudice prong of Strickland. His challenge therefore must fail.
Although I agree with the majority’s ultimate determination that Mr. Rushin cannot satisfy Strickland, it is Strickland ’s second prong, rather than its first, that I believe should dictate this outcome. Because Mr. Rushin so clearly fails to demonstrate prejudice, I do not believe it is necessary or prudent to definitively rule on the performance prong.